**UNITED STATES, Appellee,**

v.

**Specialist Four Bryan K. HUDSON, SSN 385–76–3820, United States Army, Appellant.**

**SPCM 18008.**

U.S. Army Court of Military Review.

27 April 1983.

Colonel William G. Eckhardt, JAGC, Captain Michael T. Kelly, JAGC, and Captain Peter R. Huntsman, JAGC, were on the pleadings for appellant.

Lieutenant Colonel John T. Edwards, JAGC, Major Joseph A. Rehyansky, JAGC, and Captain James C. Underhill, Jr., JAGC, were on the pleadings for appellee.

Before HANSEN, MILLER and BADA-MI Appellate Military Judges.

## OPINION OF THE COURT

HANSEN, Chief Judge:

Convicted by a special court-martial of possessing and selling marijuana,* the appellant now complains in this appeal that the military judge's instructions were prejudicially erroneous. In particular, he contends he was substantially prejudiced by the failure of the military judge to give instructions on accomplice testimony, judicial notice, prior inconsistent statements, and circumstantial evidence. The appellant also contends that the military judge erred by giving all except procedural instructions prior to closing arguments by counsel.

■ It is not necessary for us to decide whether the military judge erred in this case. The simple answer to the appellant's claim of error is that he suffered absolutely no prejudice because of the matters about which he complains. Moreover, we note that the appellant makes his complaints for the first time on appeal. No objection was made at the trial or in a response to the staff judge advocate's post-trial review. Thus, under the circumstances of this case, waiver would apply.

Although we have held these errors were not prejudicial, we are not pleased with the performance of the five lawyers who participated in this trial. The military judge, who bears primary responsibility for the correctness of the trial, advised that he would give four instructions and then failed to do so. The trial counsel, who bears the responsibility for protecting his record, did not insure that the military judge carried out his expressed intent. The three defense counsel, who bear the responsibility for protecting their client, failed to object when the military judge omitted the instruction which appellant now asserts was error. The net effect of these failures was to burden the appellate system with assigned errors which would not have occurred if the parties were attentive to their respective duties.

We have noticed an increasing number of errors of commission and omission being made in what might be called the "boiler plate" advice and instructions such as the right to counsel, selection of forum, elements of offenses during the providence inquiry and on guilt or innocence, and allocution rights. To be sure, this is primarily the function of the military judge, however, both trial and defense counsel bear major responsibility for assuring that the military judge properly performs his duty. Counsel must develop their own check lists and closely monitor the military judge's activities and make appropriate suggestions or objections. They cannot be disinterested and unconcerned observers to the manner in which the military judge carries out his duties. If counsel are not active throughout the trial, the trial counsel risks reversal and the defense counsel risks application of the doctrine of waiver. In neither case is the interest of justice served.

The findings of guilty and the sentence are affirmed.

Senior Judge MILLER and Judge BADA-MI concur.

* In violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (1976), the appellant's sentence included a bad-conduct discharge, confinement at hard labor for one month, and reduction to Private E-1.