**UNITED STATES, Appellee,**

v.

**Sergeant (E–5) Richard HERNANDEZ, SSN 584–13–0271, United States Army, Appellant.**

**CM 443254.**

U.S. Army Court of Military Review.

21 June 1983.

Captain Kenneth G. Gale, JAGC, argued the cause for the appellant. With him on the brief were Colonel William G. Eckhardt, JAGC, Major Robert C. Rhodes, JAGC, and Major Paul J. Luedtke, JAGC.

Captain Karen A. Charbonneau, JAGC, argued the cause for the appellee. With her on the brief were Colonel James Kucera, JAGC, Lieutenant Colonel John T. Edwards, JAGC, and Captain Patrick M. Flachs, JAGC.

Before HANSEN, COHEN and NAUGHTON, Appellate Military Judges.

## OPINION OF THE COURT

PER CURIAM:

In accordance with his pleas, appellant was convicted by a military judge sitting as a general court-martial of two specifications each of wrongful possession, transfer, and sale of marijuana in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (1976). His adjudged sentence to a bad-conduct discharge, confinement at hard labor for four months, forfeiture of $300.00 pay per month for five months, and reduction to the grade of E–1 was approved by the convening authority.

Appellant's four assignments of error involve multiplicity of the two possession offenses for findings purposes, providence of the plea regarding the amount possessed in the first specification, providence of the pleas due to a substantial misunderstanding as to the maximum punishment authorized, and sentence appropriateness.[1]

Prior to entering pleas, trial defense counsel made a motion that the military judge find Specifications 1, 2 and 3 of the Charge (possession, transfer, and sale of marijuana), and Specifications 4, 5, and 6 of the Charge (possession, transfer, and sale of marijuana) multiplicious for sentencing purposes. Trial counsel conceded the issue. The military judge determined that the first three specifications were multiplicious with each other for sentencing purposes and that the remaining three specifications were likewise multiplicious. No other mo-

1. We note that had trial and defense counsel been more precise in their formulation of the stipulation of fact regarding quantity and times, and further, had the military judge more clearly squared appellant's responses during the providence inquiry with the allegations in the specifications and the agreed to stipulation, it is unlikely the assignments of error concerning multiplicity and the providence of appellant's pleas would have arisen. *Cf. United States v. Hudson,* 16 M.J. 522 (A.C.M.R. 27 April 1983).

tions concerning multiplicity were made at trial.

The appellant pled guilty to possessing "224 grams (one-half pound)" of marijuana on or about 30 January 1982; he pled guilty to transferring and selling 25.016 grams of marijuana, more or less, on that same date. He also pled guilty to possession, sale and transfer of 7.209 grams of marijuana on 31 January 1982.

The stipulation of fact stated that some time in January 1982 the appellant bought and gained possession of what he believed to be one-fourth to one-half pound of marijuana for the purpose of selling it at a profit. The stipulation established that on 30 January 1982, at about 1850 hours, the appellant transferred and sold 25.016 grams of marijuana to undercover agents from a brown paper bag which appeared to the agents to contain approximately 224 grams (one-half pound) of marijuana. The stipulation also reflects that on a "subsequent occasion" in January 1982, the same agents purchased another 7.209 grams of marijuana from the appellant, also from a brown paper bag. On both occasions, the bag was located in appellant's wall locker.

During the providence inquiry, the appellant admitted buying marijuana to sell, but said, "It wasn't no half a pound; it was less than that." The military judge did not inquire how much appellant believed it was. During the inquiry, the appellant maintained that the second purchase was the same day as the first, and only fifteen minutes later.

I

■ Appellant contends that the possession of 7.209 grams of marijuana alleged in Specification 4 of the Charge is multiplicious for findings and sentence with the possession of 224 grams of marijuana alleged in Specification 1 of the Charge. During the providence inquiry, appellant admitted only that he twice sold marijuana to undercover agents on the same day from the same cache of marijuana. We agree that the possession of the two quantities of marijuana should not have been charged in

two specifications. This was but a single possession in which the 7.209 grams was a part of the original cache of 224 grams. As nothing is to be gained by aggregating the two specifications, *see United States v. Anglin*, 15 M.J. 1010 (A.C.M.R.1983), we will correct this error by dismissing the specification alleging the lesser amount.

II

■ Appellant asserts that his plea of guilty to possession of "224 grams (one-half pound), more or less of marijuana" is improvident in light of his statements during the providence inquiry regarding the amount possessed. Appellant never expressly admitted, either during the inquiry or in the stipulation of fact to possessing more than the 32.225 grams of marijuana sold to the undercover agents. We agree and we will modify the findings as they relate to the amount possessed in Specification 1 of the Charge. We note there is no contention raised, or supported by the record, that the appellant was convicted on his plea of a different offense. The contention here is simply that appellant admitted to committing the charged offense of wrongful possession of marijuana in a different amount than alleged. As long as possession of some amount is admitted, the precise amount is irrelevant for purposes of sustaining the providence of appellant's plea. *See United States v. Cimoli*, 10 M.J. 516 (A.F.C.M.R.1980), *pet. denied*, 10 M.J. 327 (C.M.A.1981).

III

■ Appellant contends that his pleas of guilty were improvident because of a substantial misunderstanding as to the maximum sentence created by the erroneous ruling that Specifications 1, 2 and 3 of the Charge constituted an offense separately punishable from the drug transaction alleged in Specifications 4, 5, and 6 of the Charge. We do not agree. We find the correct maximum sentence to confinement to be ten years which was the maximum utilized by the convening authority in refer-

ring the case to the trial and the maximum punishment utilized by the military judge.

Specifications 1, 2, and 3 of the Charge alleged a possession, transfer, and sale of marijuana on or about 30 January 1982. Specifications 4, 5, and 6 alleged a possession, transfer, and sale of marijuana on or about 31 January 1982. The stipulation of fact reflected the times of the transactions as "30 January 1982" and on a "subsequent occasion" in January 1982, respectively. Appellant insisted that the two sales occurred on the same day and admitted during the providence inquiry that the second sale occurred fifteen minutes after the first sale. Appellant asserts that the military judge erred by accepting appellant's pleas to Specifications 4, 5, and 6 of the Charge by failing to recognize the two transfers and sales as one transaction. Appellant contends that under these facts, the two sales are clearly part of one transaction and not separately punishable. *Cf. United States v. Towns,* 22 U.S.C.M.A. 600, 48 C.M.R. 224 (1974).

In *Towns,* the Court of Military Appeals held that the military judge erred when he overruled trial defense counsel's assertion that one specification alleging possession of a controlled drug and two specifications alleging distribution of the same drug were multiplicious for sentencing purposes where a stipulation of fact reflected that all three specifications were based on a transaction in which a CID agent purchased two different quantities of the same drug from the accused, but the two purchases were separated by a period of only about five minutes while the accused went to his car to obtain the additional quantity which was the subject of the second purchase. There also, the CID agent made his request to make the second purchase immediately after concluding the first purchase. Although the sales in the instant case occurred between the same parties, at the same location, and from the same cache, under the circumstances of this case, exercising our fact finding powers and responsibilities under Article 66, Uniform Code of Military Justice, we find that two separate sales occurred. The longer time between the sales and the fact that the undercover agents left appellant's location before returning to make a second purchase distinguish appellant's case from the circumstances in *Towns,* and consequently permit the opposite result.

## IV

Appellant also contends that his sentence to a bad-conduct discharge is too severe. We have considered this issue which was brought to our attention pursuant to *United States v. Grostefon,* 12 M.J. 431 (C.M.A.1982), and briefed by appellant's counsel and find it to be without merit. We are satisfied, based upon the other offenses of which the appellant was convicted, that appellant would have received a punitive discharge even if he had not been convicted of Specification 4 of the Charge or of the amount of marijuana alleged in Specification 1 of the Charge.[2]

The finding of guilty of Specification 1 of the Charge is affirmed except the figure "224," substituting therefor the figure "32,-225." The finding of guilty of Specification 4 of the Charge is set aside and the specification is dismissed. The remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the errors noted and the entire record, the Court affirms the sentence.

---

2. We are also convinced that had the convening authority, prior to referral, been made aware of the precise circumstances of appellant's case, as are now reflected in our findings, the convening authority would still have referred this case to a general court-martial. *See United States v. Kemp,* 7 M.J. 760 (A.C.M.R. 1979).