**UNITED STATES, Appellee,**

v.

**Private First Class Keith D. HARPER, 230–06–5078, United States Army, Appellant.**

**ACMR 8801426.**

U.S. Army Court of Military Review.

28 Feb. 1989.

For Appellant: Lieutenant Colonel Russell S. Estey, JAGC, Captain Alan M. Boyd, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Captain Martin D. Carpenter, JAGC, Captain Karen V. Johnson, JAGC (on brief).

Before KANE, GILLEY, and GIUNTINI, Appellate Military Judges.

## OPINION OF THE COURT

GILLEY, Judge:

Pursuant to his pleas, the appellant was found guilty of wrongful distribution of cocaine and of wrongful distribution of marijuana, in violation of Article 112a, Uniform Code of Military Justice, 10 U.S.C. § 912a. The convening authority approved the sentence of a dishonorable discharge, confinement for eighteen months, total forfeiture of pay and allowances, and reduction to Private E1.

■ The appellant contends here, as he did at trial, that the virtually simultaneous distributions of marijuana and cocaine were multiplicious for findings as well as for sentence. We find, as did the military judge, that these offenses were separate for findings.

An undercover police agent arranged to buy marijuana from the appellant at his girlfriend's house. Later the agent appeared there. The appellant retrieved from a nearby storage spot a "quarter" bag of marijuana and handed it to the agent. Then the agent gave him $35.00, and the

appellant told him it cost only $25.00. The agent responded by asking if the appellant could sell him some cocaine. The appellant went to another room and asked his girlfriend if she had any "coke." She then handed the appellant a "$10.00 bag" of cocaine, which he took back to the other room and gave to the agent. We accept that these events occurred within a four-minute period.

We must assess the facts to plumb for multiplicity here. *See United States v. Fair,* 17 M.J. 1036, 1038 (A.C.M.R.1984), *petition denied,* 19 M.J. 121 (C.M.A.1984). Appellant agreed to and completed the first transaction before the subject of a sale of cocaine arose. Only then did the appellant undertake to see if he could find cocaine from his girlfriend for the agent. These facts are thus different from multiplicious charging of two wrongful possessions of marijuana that came from the same cache of marijuana. *United States v. Hernandez,* 16 M.J. 674, 676 (A.C.M.R.), *petition denied,* 17 M.J. 97 (C.M.A.1983). The appellant did return to the same source, but he did not know whether that source either had any cocaine or would sell it to the police agent. Further, multiplicity for sentencing in this situation, recognized in *United States v. Towns,* 48 C.M.R. 224, 225 (C.M.A.1974), does not mandate that we find multiplicity for findings.

When we return to the touchstone test found in *United States v. Baker,* 14 M.J. 361, 366 (C.M.A.1983), we find that these distributions of marijuana and cocaine were separate; that is, they were not substantially one transaction or "an aggregate of acts which are logically related to a single course of criminal conduct." From that guidance, we find a workable standard for serial drug transactions to be whether the offenses overlap. By that we mean did germination, by invitation or offer, to commit the second offense precede performance of the first illicit agreement to distribute a drug. Here, the invitation for the appellant to make a wrongful distribution of cocaine did not occur until delivery of the marijuana was complete. Accordingly,

the distributions were separate for findings purposes.

We have also considered the issue raised personally by the accused and it is without merit.

The findings of guilty and the sentence are affirmed.

Senior Judge KANE and Judge GIUNTINI concur.