**UNITED STATES**

v.

**Sergeant Gale HOLT, FR 351–48–4777, United States Air Force.**

**ACM 23514.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 25 Feb. 1982.

Decided 17 Sept. 1982.

Appellate Counsel for the Accused: Colonel George R. Stevens and Major Richard A. Morgan.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Major George D. Cato.

Before KASTL, HEMINGWAY and SNYDER, Appellate Military Judges.

DECISION

SNYDER, Judge:

Tried by general court-martial, military judge sitting alone, the accused, contrary to her pleas, was convicted of absence without leave, wrongful use of a false identification card with intent to deceive, larceny by check, and attempted larceny by check, in violation of Articles 86, 134, 121, and 80, Uniform Code of Military Justice, 10 U.S.C. 886, 934, 921, and 880 respectively.

Accused has submitted four assignments of error, only one of which merits comment. She avers she was denied a speedy trial in violation of Article 10, 10 U.S.C. § 810, U.C.M.J. and the Sixth Amendment to the Constitution. We disagree.

Accused was apprehended at Fort Sheridan, Illinois by military police while she was in civilian attire and while using an Air Force identification card with an alias in an attempt to cash a check. Because her military status could not be verified, the Federal Bureau of Investigation (FBI) was notified and subsequently assumed custody of appellant. She was confined in the Metropolitan Correctional Center, Chicago, Illinois.

On 7 November 1981, she was brought before a federal magistrate and charged. She used her alias to identify herself to the magistrate. She remained confined in Chicago until 18 November 1981, when the Warden of the facility received an anonymous tip that she was, in fact, GALE HOLT. Acting on the tip, the Warden as-

certained the accused was wanted for desertion from the Air Force. He notified authorities at Offutt Air Force Base, Nebraska that she was confined in Chicago.

The Air Force Office of Special Investigations (AFOSI) initiated an investigation on 19 November 1981. In the interim the Deputy Staff Judge Advocate had contacted the United States Attorney's Office in Chicago concerning accused's case. It was determined that accused's case would be transferred to the Air Force.

Orders directing travel on or about 24 November 1981 were prepared on 23 November to send two escorts to Chicago, Illinois. Due to an inability to obtain same-day return airline reservations, however, the earliest reservations available were on 27 November, the day after Thanksgiving.

The escorts traveled to Chicago on 27 November and assumed custody of accused in open session before the federal magistrate after the federal charges were withdrawn. They returned to Offutt Air Force Base, Nebraska the same day, and accused was placed in pretrial confinement. After a hearing on 30 November, it was determined that pretrial confinement was necessary to ensure appellant's presence at trial.

On 21 December, detailed counsel submitted a demand for speedy trial in the form of a demand for formal charges. Charges were preferred on 24 December.

A reserve Judge Advocate serving on active duty was appointed to conduct the Article 32 Investigation. The investigation commenced on 12 January 1982 at Chanute Air Force Base, Illinois.

The military judge specifically ruled that: accused was confined in Chicago, Illinois to face civilian charges; the decision to transfer her to Air Force authorities was made no earlier than 20, and no later than 23, November 1981; and, Air Force officials were allowed a reasonable period of time to arrange transportation of appellant. Consequently, he found the government's accountability date to be 27 November 1981, which rendered the government accountable for 88 days of the total period. The military judge then denied the defense motion to dismiss.

We concur, finding ample evidence in the record to support the military judge's finding of fact. *United States v. Reed,* 2 M.J. 64 (C.M.A.1976). Therefore, the rebuttable presumption of prejudice allowed by *United States v. Burton,* 21 U.S.C.M.A. 112, 44 C.M.R. 166 (1971), was not keyed. Assessing the record notwithstanding the absence of the presumption, we find no demonstration of actual prejudice suffered by the accused * and no evidence of oppressive delay by the government.

The offenses, involving fraud and deception, were complex. Evidence had to be transferred from another federal agency with all of the requisite regards for a proper chain of custody. The services of a criminal laboratory for examination of handwriting exemplars were also required. There was testimony that checks were still being received from the FBI up until shortly before trial. The Article 32 Investigation convened in each of the states and on each of the installations where the offenses were committed. Given the testimony that there were daily requests for status reports, periods of inactivity were brief and for good cause. Thus, we resolve this issue adversely to the accused. *United States v. Talavera,* 8 M.J. 14 (C.M.A.1979); *United States v. Roman,* 5 M.J. 385 (C.M.A.1978).

The other errors assigned by accused were considered in the review of the Staff Judge Advocate and properly resolved adversely to the accused. However, pursuant to the decision in *United States v. Lynch,* 13 M.J. 394 (C.M.A.1982), an administrative credit for the unlawful pretrial confinement

---

* It was alleged at trial that the accused suffered actual prejudice from confinement due to an inability to locate her estranged husband and the fact that four cashiers were no longer employed at the installations where some of the checks were cashed. There was no request for these persons pursuant to Manual for Courts-Martial, 1969 (Rev.), paragraph 115*c*, with expected testimony, nor any other information tending to show that those parties possessed information material to the accused's defense.

is ordered. *United States v. Pettersen*, 14 M.J. 608 (A.F.C.M.R.1982).

The findings of guilty and sentence are, AFFIRMED.

KASTL, Senior Judge, and HEMINGWAY, Judge, concur.