UNITED STATES, Appellee,

v.

Specialist Four Lawrence R. ANGLIN, SSN 118–44–8728, United States Army, Appellant.

SPCM 17940.

U.S. Army Court of Military Review.

12 April 1983.

Lieutenant Colonel R. Rex Brookshire II, JAGC, Captain James A. McAtamney, JAGC, and Captain Peter L. Yee, JAGC, were on the pleadings for appellant.

Colonel James Kucera, JAGC, Lieutenant Colonel John T. Edwards, JAGC, Major Joseph A. Rehyansky, JAGC, and Captain John J. Park, Jr., JAGC, were on the pleadings for appellee.

Before MELNICK, McKAY and LEWIS, Appellate Military Judges.

## OPINION OF THE COURT

LEWIS, Judge:

In this case, pursuant to his pleas, appellant was convicted of a sale of marijuana in the hashish form on 21 January 1982 and, in two specifications, possession of 6.9 grams and 74.42 grams of marijuana in the hashish form on 5 February 1982.

Appellant claims that the 5 February specifications are multiplicious for findings. He further claims that the military judge erred in admitting two "stale" records of nonjudicial punishment and that the curative action by the convening authority in suspending his adjudged bad-conduct discharge was inadequate. Finally, he claims that the trial counsel's argument on sentence was improper (arguing matters not in evidence) and the military judge's response

in sustaining an objection thereto and rebuking trial counsel in the presence of the court was inadequate.

With regard to the trial counsel's argument, we find the judge's response to have been entirely adequate in the circumstances. As regards the multiplicity issue, we agree that possession of the two portions of hashish should not have been charged in two specifications. That portion in the appellant's pocket was clearly recently removed from the cache at home simultaneously possessed. We express no opinion concerning how much time or distance would be required between the two portions to permit separate specifications. In this case, however, they were clearly insufficient. The military judge should have merged the specifications to reflect the aggregate amount when appellant's counsel complained below. His failure to do so, along with his failure to advise the sentencing court members of the fact that the two specifications reflected only a single act of misconduct, was error. While we concede that we know of no existing authority either in support or opposition, we will merge the specifications here.* Finally, we regard the action of the convening authority adequate to cure the prejudice arising out of the improperly admitted records of nonjudicial punishment.

We are thus required to assess the impact of the multiplicity error upon appellant's sentence. We note that the period of suspension for his bad-conduct discharge has already run, and we presume that punishment has been automatically remitted. Accordingly, even were we to have regarded the earlier suspension action as being inadequate to cover both the "stale" records of punishment and the multiplicity errors, reassessment of the sentence at this time

---

* We are reluctant to distort the record of appellant's criminality by simply dismissing a specification without aggregating the amount of hashish possessed into another specification. Our object is to neither "tar" the appellant with more offenses than is proper nor give him a windfall by wiping some from his record after he has been properly convicted of them. Appellant should not be heard to complain of our action. It represents precisely the degree of criminality to which he pleaded guilty below.

would yield no benefit to the appellant. *United States v. Goodwin,* 9 M.J. 216 (C.M. A.1980). Moreover, we are convinced beyond a reasonable doubt that there is no fair risk appellant would have received less punishment than what remains at this time.

The finding of guilty of Specification 4 of the Charge is affirmed except the figure 74.42, substituting therefor the figure 81.32. The finding of guilty of Specification 3 of the Charge is set aside and the specification is dismissed. The remaining findings of guilty are affirmed. The sentence is affirmed.

Senior Judge MELNICK and Judge McKAY concur.