**UNITED STATES, Appellee,**

v.

**Leonard K. JEAN, Aviation Structural Mechanic (Structures) Airman Recruit, U.S. Navy, Appellant.**

**No. 45,477.**
**NMCM 82–4669.**

U.S. Court of Military Appeals.

June 20, 1983.

For Appellant: *Commander Matthew J. Wheeler,* JAGC, USNR, *Lieutenant Commander Jeanne Carroll,* JAGC, USN (on petition).

For Appellee: *Commander W.J. Hughes,* JAGC, USN (on petition).

*Opinion of the Court*

PER CURIAM:

At his special court-martial, appellant faced charges alleging, *inter alia*,[1] that on April 10, 1982, at Naval Air Station Memphis, Millington, Tennessee, he resisted being lawfully apprehended by Machinists Mate Second Class Conway "by kicking at the said Conway," in violation of Article 95, Uniform Code of Military Justice, 10 U.S.C. § 895; and that on the same date and at the same place he assaulted Machinists Mate Second Class Conway "by kicking at the said Conway," in violation of Article 128, UCMJ, 10 U.S.C. 928.[2]

---

1. Additionally, appellant was charged with absence without leave for over one and one-half months; failure to repair; and drunk and disorderly on station, in violation of Articles 86 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 886 and 934, respectively.

2. This offense was charged as, and treated by the military judge as, a simple assault with no aggravating factors permitting increased punishment based on the status of the victim. *See* paras. 207*b* and 127*c*, Table of Maximum Punishments, Manual for Courts-Martial, United States, 1969 (Revised edition).

During the providence inquiry into appellant's tendered pleas of guilty to each of these charges, the military judge correctly advised appellant that the elements of the simple assault were that at the time and place alleged, appellant "attempted to do bodily harm to" the named victim; that he "did so by kicking at" the victim; "and that this attempt was done with unlawful force or violence." *See* para. 207*a*, Manual for Courts-Martial, United States, 1969 (Revised edition). These same elements are fairly embraced in the factual allegations in the specification of resisting apprehension, which the military judge correctly advised Jean were that at the time and place alleged, appellant "actively resisted" the lawfully authorized apprehension of him by the named victim "by kicking at" that victim.[3] *See* para. 174a, Manual, *supra.*

Thus, in charging this resistance of apprehension, the Government alleged all the elements of a simple assault, together with at least one other element. "[W]here one offense contains only elements of, but not all the elements of the other offense," the first offense is lesser included within the second. *United States v. Baker,* 14 M.J. 361, 368 (C.M.A.1983); *accord United States v. Doss,* 15 M.J. 409 (C.M.A.1983). Accordingly, one of the findings cannot stand. *Id.*

Nevertheless, we see no prejudice inuring to appellant from charging both offenses here. Appellant's pleas and the inquiry into those pleas establish the resisting apprehension offense, so there was no possibility that the multiplication of charges influenced the factfinder unfairly. *See United States v. Sturdivant,* 13 M.J. 323 (C.M.A.1982). Further, we are satisfied that appellant's sentence was not enhanced by the failure to treat the simple assault as multiplicious

with resisting apprehension. Apparently, the military judge treated the offenses as multiplicious for sentencing purposes. Moreover, even if the Government had prosecuted appellant only for the resistance offense, the nature of the resistance—the assault—necessarily would have come to light. In any event, it is unlikely, in view of all the offenses of which appellant was convicted and his prior record,[4] that the military judge would have been disposed to treat appellant any more leniently than he did.[5]

The decision of the United States Navy-Marine Corps Court of Military Review is reversed as to Charge III and its specification. The findings of guilty of Charge III and its specification are set aside and Charge III is dismissed. In all other respects the decision is affirmed.

COOK, Judge (dissenting):

With respect to the resisting apprehension charge, the prosecution was required to prove the following elements which are not necessary to a charge of assault: that a certain person (here Conway) was lawfully authorized to apprehend appellant; that the person attempted to apprehend appellant; and that appellant resisted the attempted apprehension. Para. 174a, Manual for Courts-Martial, United States, 1969 (Revised edition). With respect to the charge of assault, the prosecution was required to prove that appellant "attempted or offered with unlawful force or violence to do bodily harm to a certain person" (here Conway)— matters not necessary to a charge of resisting apprehension. Para. 207a, Manual, *supra.* Thus, neither of these offenses contains "only elements of, but not all the elements of the other offense." *United*

---

3. Appellant revealed during the inquiry that the kicking at Conway alleged in each specification was one and the same act and that this assault was the means by which he had resisted apprehension.

4. Appellant had earlier received nonjudicial punishment for unauthorized absence, failure to repair, and two instances of failure to obey a lawful order; this punishment was in a period

of suspension when the instant offenses occurred.

5. The military judge sentenced appellant to a bad-conduct discharge, confinement at hard labor for 45 days, and forfeiture of $225 pay per month for 2 months. Both the convening and supervisory authorities approved the trial results, and the Court of Military Review affirmed.

*States v. Baker,* 14 M.J. 361, 368 (C.M.A. 1983). In other words, there are no lesser included offenses here. The fact that both charges arose from a single kicking episode is not dispositive, for precisely the same conduct can result in convictions of more than one offense. *E.g. Missouri v. Hunter,* —— U.S. ——, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983); *Albernaz v. United States,* 450 U.S. 333, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981); para. 74*b*(4), Manual, *supra.* There being no facial ambiguity as to the nature of the proscriptions, and no contrary expression of intent by either Congress or the President, the offenses here were not multiplicious for findings as a matter of law. *Albernaz v. United States, supra; United States v. Baker, supra* 14 M.J. at 371 (Cook, J., dissenting).

Moreover, the very absence of prejudice which the majority cites calls into question the need for corrective action in this case. Article 59(a), Uniform Code of Military Justice, 10 U.S.C. § 859(a). *See United States v. Zlotkowski,* 15 M.J. 320 (C.M.A.1983) (Cook, J., dissenting). I would affirm the decision of the United States Navy-Marine Corps Court of Military Review.