UNITED STATES, Appellee,

v.

Gale HOLT, Sergeant, U.S. Air Force, Appellant.

No. 44,833.

CMR No. 23514.

U.S. Court of Military Appeals.

Oct. 24, 1983.

For Appellant: *Colonel George R. Stevens, Major Richard A. Morgan* (on petition).

For Appellee: *Colonel Kenneth R. Rengert, Major George D. Cato* (on petition).

*Opinion of the Court*

EVERETT, Chief Judge:

We granted review herein to determine whether charges alleging appellant's various misuses of a military identification card with intent to deceive [1] were encompassed within the several larceny charges,[2] so as to require that the charges relating to the former be dismissed. *See generally United States v. Doss,* 15 M.J. 409 (C.M.A.1983), and *United States v. Baker,* 14 M.J. 361 (C.M.A.1983). To this end, the peculiar circumstances of this case led us to specify the following issues:

I

WHETHER ONE OFFENSE MAY BE SAID TO BE LESSER INCLUDED WITHIN ANOTHER OFFENSE WHERE, ALTHOUGH THE FIRST OFFENSE CONTAINS DIFFERENT ELEMENTS AS A MATTER OF LAW THAN THE SECOND OFFENSE AND ALTHOUGH THOSE DIFFERENT ELEMENTS ARE NOT FAIRLY EMBRACED IN THE FACTUAL ALLEGATIONS OF THE SECOND OFFENSE AS PLEADED, A PROPER DEFENSE MOTION TO MAKE MORE DEFINITE AND CERTAIN WOULD FORESEEABLY HAVE RESULTED IN THOSE DIFFERENT ELEMENTS BEING FAIRLY EMBRACED IN THE FACTUAL ALLEGATIONS OF THE OTHER?

1. In violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934.

2. In violation of Article 121, UCMJ, 10 U.S.C. § 921.

## II

WHETHER, IN THIS CASE, A PROPER DEFENSE MOTION TO MAKE MORE DEFINITE AND CERTAIN AS TO THE THEORY OF THE LARCENY OFFENSES WOULD HAVE RESULTED IN THE LARCENY SPECIFICATIONS FAIRLY EMBRACING THE ELEMENTS OF THE WRONGFUL USES OF A MILITARY IDENTIFICATION CARD WITH INTENT TO DECEIVE SO THAT THE LATTER OFFENSES WOULD BE LESSER INCLUDED WITHIN THE FORMER, *SEE UNITED STATES V. BAKER*, 14 M.J. 361, 368 (C.M.A.1983)?

## I

In *United States v. Baker, supra*, we ruled that two charges were multiplicious for purposes of findings if either (a) one of the charges necessarily included all the elements of the other, or (b) the allegations under one of the charges, as drafted, "fairly embraced" all the elements of the other. *Id.* at 368. *Accord United States v. Doss, supra.* If neither of these standards is met, then the charges are separate for findings purposes.

This case presents a hybrid of sorts. The evidence reveals that appellant perpetrated various thefts of money and goods by wrongful use of a false military identification card to deceive cashiers at several post exchanges. While the larceny specifications as drafted do not include language which indicates how the thefts were accomplished, a defense motion to make these specifications more definite and certain might have resulted in the addition of language embracing all elements of the false identification card offenses. In that event, the larceny specifications would include the identification card offenses under the second of the *Baker* tests.

3. The military judge treated the charges as

In cases in which application of the *Baker* standard has compelled a conclusion that findings were multiplicious, we have viewed as plain error the failure of the trial or intermediate appellate courts to dismiss the included offenses. In such instances, we have not hesitated to grant relief, even though the defense had not complained of multipliciousness at trial or on appeal. *See, e.g., United States v. Hendrickson*, 16 M.J. 62 (C.M.A.1983); *United States v. Jean*, 15 M.J. 433 (C.M.A.1983); *United States v. Miles*, 15 M.J. 431 (C.M.A. 1983), *pet. for reconsideration granted*, 15 M.J. 448 (1983). However, we do not believe that, in testing for multipliciousness, we need go beyond the language of the specifications on which the case is tried. In most instances, it would be too speculative an enterprise to seek to determine what allegations would have been contained in a specification if a motion to make it more definite and certain had been made by the defense and granted by the trial judge. Therefore, since it is not apparent from the language of the larceny specifications on which Sergeant Holt was tried that the larceny charges "fairly embraced" the false identification card charges, no relief is required as to the findings under our *Baker* rationale.[3]

## II

In view of our answer to the first issue, it is unnecessary to consider the second.

The decision of the United States Air Force Court of Military Review, 14 M.J. 682 (1982), is affirmed.

Judge FLETCHER concurs.

COOK, Judge (concurring in the result):

I concur in affirming the decision of the United States Air Force Court of Military Review, without retreating one iota from my opinion in *United States v. Baker*, 14 M.J. 361, 371 (C.M.A.1983) (Cook, J., dissenting).

multiplicious for sentencing purposes.