UNITED STATES, Appellee,

v.

Private (E-1) Donald E. HARCLERODE, SSN 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, United States Army, Appellant.

SPCM 19325.

U.S. Army Court of Military Review.

28 March 1984.

Lieutenant Colonel William P. Heaston, JAGC, Major Lawrence F. Klar, JAGC, Major Edwin D. Selby, JAGC, and Captain Edmund S. Bloom, Jr., JAGC, were on the pleadings for appellant.

Colonel James Kucera, JAGC, Lieutenant Colonel John T. Edwards, JAGC, Major Thomas J. Leclair, JAGC, Major Thomas M. Curtis, JAGC, Captain Andrew D. Stewart, JAGC, and Captain Richard J. Fadgen, JAGC, were on the pleadings for appellee.

Before WOLD, NAUGHTON and COHEN, Appellate Military Judges.

## OPINION OF THE COURT

NAUGHTON, Judge:

Consistent with his pleas, appellant was convicted by a military judge sitting as a special court-martial of failure to repair (two specifications), conspiracy to commit larceny (two specifications), larceny (two specifications), and housebreaking, violations of Articles 86, 81, 121, and 130, Uniform Code of Military Justice, 10 U.S.C. 886, 881, 921, and 930 (1976), respectively. He was sentenced to a bad-conduct discharge, confinement at hard labor for five months, forfeiture of $367.00 per month for five months, and reduction to the grade of Private E–1. Pursuant to a pretrial agreement, the convening authority approved the sentence but suspended the execution of confinement at hard labor in excess of four months for a period of one year.

I

■ Appellant contends that the Government erred in charging him with two specifications of conspiracy and two specifications of larceny when he had agreed with two other soldiers to steal property from a certain barracks room, and then, in one transaction, stole the property from two victims. At trial, the military judge granted appellant's motion to consider the conspiracy offenses multiplicious for sentencing purposes and to treat the larceny offenses similarly. No objection was raised at trial that the pleadings or the findings were multiplicious for charging or findings purposes. Appellant now requests that we dismiss one of the conspiracy offenses and one of the larceny offenses as multiplicious for findings purposes and meaningfully reassess the sentence. We agree with ap-

pellant that the charges are multiplicious for findings purposes but not with his proposed remedy.

Paragraph 26*b* of the Manual for Courts-Martial, United States, 1969 (Revised edition) [hereinafter Manual], provides that "One transaction, or what is substantially one transaction, *should not* be made the basis for an unreasonable multiplication of charges against one person.... There are times, however, when sufficient doubt as to the facts or the law exists to warrant making one transaction the basis for charging two or more offenses." As a specific illustration of its directive, paragraph 26*b* of the Manual states that the larceny of separate articles should not be made the subject of several specifications if they can properly be alleged in one specification. *See also* Manual, para. 200*a*(8) *cited in* Manual, para. 26*b* ("When a larceny of several articles is committed at substantially the same time and place, it is a single larceny even though the articles belong to different persons.") As the Court of Military Appeals has noted:

> [Paragraph 26*b*] is designed in part to prevent certain abuses of prosecutorial power which might embarrass or confound the accused in his defense at trial.... In particular, it seeks to avoid the situation where a single criminal offense is exaggerated into many seemingly separate crimes so as to create the impression that the accused is a bad character and therefore lead the court-martial to resolve against him doubt created by the evidence.

*United States v. Baker,* 14 M.J. 361, 365 (C.M.A.1983) (citations omitted). *See also Missouri v. Hunter,* —— U.S. ——, 103 S.Ct. 673, 679, 74 L.Ed.2d 535 (1983) (Marshall, J., dissenting) and *United States v. Doss,* 15 M.J. 409 (C.M.A.1983) for an additional discussion about multiplicious charging.

■ What constitutes reasonable or unreasonable multiplication of charges depends on the facts of the particular case. For example, the Government may properly charge two or more offenses arising out of a single transaction to allow for vagaries of proof. Such charging is reasonable. However, once the exigencies of proof are met— *e.g.,* after a guilty plea has been accepted or after findings in a contested case—the need for multiplication ceases and dismissal of a multiplicious charge is appropriate. Conversely, it is unreasonable to charge a person with both an offense and a lesser included offense, or with two offenses which duplicate each other thereby charging the person for the same offense twice. In such cases, no exigencies of proof exist which excuse the multiplication of charges.

In the instant case, the conspiracy and larceny charges, unlike lesser included and duplicative offenses, are not the "same" offenses. They are separate, but related, offenses growing out of the same transaction. The error in this case is that the Government has taken what is essentially one transaction and fragmented it into four charges when it properly should have been charged as only two offenses. We can imagine no exigencies of proof which would justify this course of action, since findings by exceptions and substitutions should resolve any problems arising from a failure of proof as to one or more of the items stolen.

We have also considered appellant's contention in light of the decisions in *United States v. DiBello,* 17 M.J. 77 (C.M.A.1983); *United States v. Glover,* 16 M.J. 397 (C.M.A. 1983); and *United States v. Holt,* 16 M.J. 393 (C.M.A.1983). The language of the specifications at issue do not fairly embrace each other. Under the test for findings multiplicity established by the Court of Military Appeals in *DiBello, Glover,* and *Holt,* these specifications are not multiplicious for findings purposes. However, *DiBello, Glover,* and *Holt* do not purport to deal with the multiplicity issue raised in the instant case. Those decisions provide principles for the resolution of cases where the offenses charged are lesser included, duplicative, or fairly embraced in other charges. They do not address the situation where the same offense is fragmented into two or more charges, none of which "fairly embrace" the others. It would be absurd to permit the

Government to rely on the holdings of *Di-Bello, Glover,* and *Holt* either to frustrate the President's policy on multiplicity as articulated by paragraph 26*b* of the Manual or to turn an unreasonable multiplication of charges into a "reasonable" one which distorts an accused's criminal record. The same legal and policy considerations that impelled the holdings in *United States v. Baker,* 14 M.J. 361 (C.M.A.1983), and its progeny compel condemnation of the fragmentation of charges.

■ A corollary issue is whether failure to object to multiplicious pleadings or findings at trial waives the issue on appeal. The answer has been provided by the Court of Military Appeals in *United States v. Holt,* 16 M.J. at 394. The failure of trial defense counsel to object at trial to multiplicious charges is no barrier to appellate relief. Accordingly, the only remaining question is what remedial action is appropriate.

Under the circumstances of this case only one specification of conspiracy and one specification of larceny should have been alleged. However, outright dismissal of multiplicious specifications, as requested by appellant, would result in a windfall for appellant. This Court recently used the remedy of consolidation to merge the aggregate amounts alleged in two specifications of possession of marijuana. *United States v. Anglin,* 15 M.J. 1010 (A.C.M.R.1983). The Court conceded that it knew "of no existing authority either in support [of] or [in] opposition [to] the remedy," but concluded that consolidation was appropriate because it did not "tar" the appellant with more offenses than is proper nor give him a windfall by removing some offenses from his record after he had been properly convicted of them. *Id.* Consolidated findings would reflect precisely the degree of criminality to which appellant pleaded guilty below. *Id.* Furthermore, such action, although belated, comports with the multiplicity principles

prescribed by the President in paragraph 26 *b* of the Manual and accomplishes what the parties below failed to do either at the time the charges were drafted or at trial.[1]

## II

The Court specified the issue of whether the military judge established a sufficient factual predicate for the acceptance of appellant's pleas of guilty. During the providence inquiry, the military judge advised appellant of the constitutional rights he would waive by pleading guilty. The military judge then discussed the meaning and uses of the stipulation of fact with appellant. The military judge obtained appellant's agreement that he had read and discussed the stipulation of fact with his defense counsel, that he understood the stipulation of fact, and that he agreed it accurately represented the facts concerning how the conspiracies, larcenies, and housebreaking occurred. The stipulation of fact did not address the failure-to-repair offenses. The military judge proceeded to list and explain the elements of the offenses to which appellant pleaded guilty. The military judge and the appellant never engaged in a discussion of the factual circumstances surrounding the offenses to which appellant pleaded guilty.

In *United States v. Davenport,* 9 M.J. 364, 367 (C.M.A.1980), the Court of Military Appeals, discussing the mandate of *United States v. Care,* 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969), emphasized that a plea of guilty must be based on facts elicited from the accused himself. Nonetheless, the Court of Military Appeals has always rejected "a structured formulistic interpretation" of the requirements necessary to establish that a plea is providently entered. *United States v. Crouch,* 11 M.J. 128, 129–30 (C.M.A.1981).

■ In the instant case, the military judge correctly listed the elements of failure to repair for Charge I and its two

---

1. The Court of Military Appeals has recently applied the remedy of consolidation to a case in which an accused was charged with three specifications of larceny when all the articles sto-

len were taken in one transaction. *United States v. Huggins,* 17 M.J. 345 (CMA 1984) (summary disposition).

specifications, but failed to elicit any factual information from appellant in support of his guilty plea to those offenses. As a result, the findings of guilty to those offenses must be set aside. *United States v. Care,* 18 U.S.C.M.A. at 541, 40 C.M.R. at 253. In the interest of judicial economy we will dismiss Charge I and its specifications.

■ Regarding the remaining offenses to which appellant pleaded guilty, the record establishes that the military judge correctly recited the elements of conspiracy to commit larceny, larceny, and housebreaking. Appellant told the military judge that he understood the elements, that he had no questions about the elements, and that taken together the elements correctly described his conduct. While we agree that the military judge should have also asked appellant to describe the conduct which gave rise to the offenses discussed in the stipulation of fact, *United States v. Michener,* 46 C.M.R. 427 (A.C.M.R.), *pet. denied,* 22 U.S.C.M.A. 607, 46 C.M.R. 1324 (1972), we do not believe that the failure to do so requires us to set aside the plea where there is no suggestion of inconsistency. *See United States v. Wimberly,* 20 U.S.C.M.A. 50, 42 C.M.R. 242 (1970). We regard the combination of appellant's affirmative responses to the military judge's inquiry and the description of his conduct contained in the stipulation of fact as an adequate factual basis for determining that appellant's acts constituted the offenses of conspiracy to commit larceny, larceny, and housebreaking. Nonetheless, we again admonish military judges to comply with the directives of *Care. See also* U.S. Dep't of Army, Pamphlet No. 27–9, Military Judges' Benchbook, para. 2–13, note 1 (1982). Compliance with *Care* is not onerous and will prevent needless waste of time, effort and expense by all concerned.

The findings of guilty of Specifications 1 and 2 of Charge I are set aside and the specifications and Charge I are dismissed. The findings of guilty of Specifications 1 and 2 of Charge II are consolidated by deleting in line seven of Specification 1 of Charge II all the words and figures after the words "US Army", and substituting therefore the following words and figures, "and Specialist Four Woodson B. Howe, US Army and in order to effect the object of the conspiracy the said Private E–2 David A. Slabaugh did steal a Pioneer stereo amplifier and turntable belonging to Specialist Four Bryan from Room 227 and a TEAC stereo cassette deck belonging to Specialist Four Howe from Room 227, said offense occurring outside the territorial limits of the United States and not being cognizable in a U.S. civilian court." The finding of guilty of Specification 1 of Charge II, as amended, is affirmed. The findings of guilty of Specifications 1 and 2 of Charge III are consolidated by deleting in line seven of Specification 1 of Charge III all of the words after the words "US Army", and substituting therefore the following words and figures "and a TEAC stereo cassette deck, model number V–95RX, of a value of about $270.00, the property of Specialist Four Woodson B. Howe, US Army, said offense occurring outside the territorial limits of the United States and not being cognizable in a U.S. civilian court." The finding of guilty of Specification 1 of Charge III, as amended, is affirmed. The findings of guilty of Specification 2 of Charge II and Specification 2 of Charge III are set aside and those specifications are dismissed. The remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the error noted and the entire record, the Court affirms only so much of the sentence as provides for a bad-conduct discharge, confinement at hard labor for four months, forfeiture of $367.00 pay per month for four months, and reduction to the grade of Private E–1.

Senior Judge WOLD and Judge COHEN concur.