UNITED STATES, Appellee,

v.

Private First Class Thomas ZUPAN, Jr., SSN 396–76–3042, United States Army, Appellant.

CM 444779.

U.S. Army Court of Military Review.

25 April 1984.

Lieutenant Colonel Arthur L. Hunt, JAGC, Major Stephen R. Dooley, JAGC, and Captain Paul E. Conrad, JAGC, were on the pleadings for appellant.

Colonel James Kucera, JAGC, Lieutenant Colonel John T. Edwards, JAGC, Captain Thomas E. Booth, JAGC, and Captain Leonard L. Lucey, JAGC, were on the pleadings for appellee.

Before WOLD, NAUGHTON and COHEN, Appellate Military Judges.

## OPINION OF THE COURT

NAUGHTON, Judge:

Consistent with his pleas, appellant was convicted by a military judge sitting as a general court-martial of several drug related offenses in violation of Article 134, Uniform Code of Military Justice [hereinafter cited as UCMJ], 10 U.S.C. § 934 (1982). Specification 5 of the Charge alleged that appellant, at Fort Sill, Oklahoma, unlawfully possessed drug paraphernalia in violation of an Oklahoma statute and the Assimilative Crimes Act, 18 U.S.C. § 13 (1982).

Appellant contends that we may not affirm his conviction under the Assimilative Crimes Act because of failure of proof of subject-matter jurisdiction. We do not agree.

■ When the Government alleges an offense under Article 134, UCMJ, and the Assimilative Crimes Act, one of the elements to be proven is that the offense occurred at a place subject to exclusive or concurrent federal territorial jurisdiction and was therefore within the "special maritime and territorial jurisdiction of the United States," as defined by 18 U.S.C. § 7 (1982). In this case evidence as to the nature of jurisdiction over Fort Sill was not developed at trial. Appellant contends that at his trial the Government failed to prove beyond a reasonable doubt that Fort Sill is within the "special maritime and territorial jurisdiction of the United States." As a result, appellant argues that his case should be returned for a limited evidentiary hearing pursuant to *United States v. DuBay,* 17 U.S.C.M.A. 147, 37 C.M.R. 411 (1967), to resolve this matter or, in the alternative, that the affected specification should be dismissed. The Government requests that we exercise our authority under Military Rules of Evidence 201 and 201A and take judicial notice that Fort Sill is within the "special maritime and territorial jurisdiction of the United States." *See United States v. Williams,* 17 M.J. 207, 214 (C.M.A. 1984) (power to take judicial notice is one of the inherent powers of an appellate court).

In *United States v. Williams,* the Court of Military Appeals declined to take judicial notice of the jurisdictional status of Fort Hood, Texas, in order to resolve a similar issue of jurisdiction.[1] The decision in *Williams,* however, does not control our disposition of this case. The ruling in *Williams* was based on two reasons: (1) since Williams was tried before court members, he was entitled to have members resolve the factual questions involved in the jurisdictional issue, and (2) the facts as to which parts of Fort Hood were subject to federal jurisdiction were neither generally known nor capable of accurate and ready determination as required by Military Rule of Evidence 201. *United States v. Williams,* 17 M.J. at 214–15. Unlike *Williams,* the instant case raises no issue concerning the possible impairment of appellant's statutory right to have his guilt or innocence determined by members as he was tried by a military judge alone. Moreover, appellant admitted at trial that the location of the offense was Fort Sill; consequently, the only unresolved question is the actual federal status of Fort Sill.

■ While the United States has only proprietary rights as to some military installations or parts thereof, *e.g.,* Fort Hood, Texas, rather than exclusive or concurrent jurisdiction, that is not the case with Fort Sill. In *Hall v. United States,* 404 F.2d 1367 (10th Cir.1969), the United States Court of Appeals, affirming a civilian defendant's conviction for stealing an automobile from Fort Sill in violation of Title 18,

1. While approximately 157,000 acres of the Fort Hood, Texas, military reservation are subject to exclusive Federal jurisdiction, some 50,- 000 other acres have never been subject to any federal jurisdiction. *United States v. Williams,* 17 M.J. at 214.

United States Code, held that Fort Sill, Oklahoma, was within the United States' territorial jurisdiction. Under the circumstances of this case, we judicially note that Fort Sill is within the "special maritime and territorial jurisdiction of the United States."

Although not assigned as error, we consider Specifications 3 and 4 of the Charge alleging the wrongful possession of marijuana and the wrongful possession of lysergic acid diethylamide at the same time and place, respectively, as a single offense for findings purposes. *See United States v. Harclerode,* 17 M.J. 981 (A.C.M.R.1984). These two specifications should have been combined and charged as one offense. We will consolidate the two specifications here. *See United States v. Huggins,* 17 M.J. 345 (C.M.A.1984) (summary disposition); *United States v. Harclerode,* 17 M.J. 981 (A.C.M.R. 1984); *United States v. Anglin,* 15 M.J. 1010 (A.C.M.R.1983). As the military judge noted the multiplicity of these offenses for punishment purposes, we are satisfied that appellant suffered no prejudice as to sentence.

We have considered the remaining assignments of error, to include the one personally raised by appellant and briefed by appellate counsel, and find them to be without merit.

The findings of guilty of Specifications 3 and 4 of the Charge are consolidated by inserting in line four of Specification 3 of the Charge after the word "marijuana" the following words and figures, "and 5 dosage units of lysergic acid diethylamide." The finding of guilty of Specification 3 of the Charge, as amended, is affirmed. The finding of guilty of Specification 4 of the Charge is set aside and that specification is dismissed. The remaining findings of guilty and the sentence are affirmed.

Senior Judge WOLD and Judge COHEN concur.