GREGORY, Senior Judge:
By its Order of 15 May 1984, the United States Court of Military Appeals has returned the record of trial in this case to this Court for reconsideration of the issue of findings multiplicity in light of United States v. Baker, 14 M.J. 361 (C.M.A.1983), and the numerous decisions and summary dispositions based thereon. After reconsideration, we find multiplicious pleading to have occurred, but we are unable to find any possible prejudice to the appellant.
Pursuant to his pleas, appellant was found guilty of six specifications of arson and one specification of unlawful entry, in violation of Articles 126 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 926, 934. He was sentenced to a bad conduct discharge, confinement at hard labor for three months, forfeiture of $250.00 per month for three months, and reduction to pay grade E-l. A pretrial agreement required that all confinement be suspended on probation. Instead, the convening authority merely remitted the confinement while approving the rest of the sentence. The supervisory authority also approved the sentence, and the findings and sentence were affirmed by this Court where appellant elected to waive appellate representation. United States v. Hicks, No. 83 2835 (NMCMR 30 June 1983). Appellant petitioned the Court of Military Appeals for review and submitted the case on its merits without specific assignment of error. The Court of Military Appeals initially granted review, specified the issue of findings multiplicity, and has now provided for return of the record to us.
Upon remand, appellant contends that two arson offenses have been expanded into five specifications. We agree.
The record of trial addresses incidents on 30 October 1982 and 6 December 1982. On 30 October 1982, appellant entered an open room at Marine Barracks, Naval Weapons Station, Charleston, South Carolina, and set fire to clothes belonging to a Sergeant Eight and a Sergeant Taylor which were inside the same wall locker. This conduct resulted in three specifications alleging arson of property belonging to Sergeant Eight, Sergeant Taylor, and the United States. On 6 December 1982, appellant found an open room at Marine Barracks, Naval Base, Charleston, where he gathered up some clothing belonging to a Private Holmes and some bed linens issued to Private Holmes and then took them into a barracks head and set them on fire. Damage to some of the plumbing fixtures in the head ensued. This resulted in two specifications alleging arson of property of Private Holmes and the United States.
One transaction, or what is substantially one transaction, should not be made the basis for an unreasonable multiplication of charges against one person. Paragraph 26b, Manual for Courts-Martial, 1969 (Rev.). Appellant makes an apt analogy to the further admonition in paragraph 26b that “the larceny of several articles should not be alleged in several specifications, one for each article, when the lar *430 ceny of all of them can properly be allegéd in one specification,” and to the guidance in paragraph 200a(8) of the 1969 Manual that “[w]hen the larceny of several articles is committed at substantially the same time and place, it is a single larceny even though the articles belong to different persons.” The same rationale would seem to apply to a single incident of arson involving property belonging to several different owners. Appellate Government Counsel attempts to dispute this reasoning arguing that “unlike for larceny offenses there is no provision in the Manual that states burning different pieces of property during the course of what is substantially one arson constitutes a single offense.” We believe Appellate Government Counsel is reading too literally in this instance and, consequently, making a distinction without a difference.
In United, States v. Huggins, 17 M.J. 345 (C.M.A.1984), the Court of Military Appeals addressed a situation of multiplicious charging with respect to larcenies from various owners at the same time. They determined that the failure to object at trial did not waive the issue, citing United States v. Holt, 16 M.J. 393 (C.M.A.1983), and held that the appropriate remedy was consolidation of the specifications. Such a remedy is deemed appropriate in this case also. It is therefore ordered that specification 1 of Charge III is amended to include the following language:
In that Private First Class Donald L. Hicks, U.S. Marine Corps, Marine Detachment, Naval Base, Charleston, South Carolina 29408, on active duty, did, at BEQ Room # 210, Marine Barracks, Naval Weapons Station, Charleston, South Carolina, on or about 30 October 1982, willfully and maliciously burn one wall locker, of some value, the property of the United States; various items of field equipment, uniforms, and civilian clothing, of some value, the property of Sergeant Kenneth Kight, U.S. Marine Corps; as well as military uniforms and civilian clothing, of some value, the property of Sergeant David R. Taylor, U.S. Marine Corps;
and that specification 4 of Charge III is amended to include the following language:
In that Private First Class Donald L. Hicks, U.S. Marine Corps, Marine Detachment, Naval Base, Charleston, South Carolina 29408, on active duty, did, at BEQ Room # 203, Building M-766, Marine Detachment, Naval Base, Charleston, South Carolina, on or about 6 December 1982, willfully and maliciously burn the head floor, toilet facilities, emergency door exit, and bed linen, of some value, the property of the United States; as well as various uniform items and civilian clothing, of some value, the property of Private Johnny Holmes, U.S. Marine Corps.
The findings of guilty as to specifications 2, 3, and 5 of Charge III are set aside and those specifications are dismissed. The remaining findings of guilty, including those as to specifications 1 and 4 under Charge III as amended, are affirmed.
Upon reassessment of the sentence, we concur in the contention of Appellate Government Counsel that “there is absolutely no evidence of any prejudice whatsoever to the appellant.” Appellant received a relatively lenient sentence for his serious offenses. The sentence was limited by the jurisdictional punishment restrictions of a special court-martial and by the previously bargained for pretrial agreement. Moreover, appellant received clemency on his sentence from the convening authority.
In United States v. Hasting, 461 U.S. 499, 103 S.Ct. 1974, 76 L.Ed.2d 96 (1983), the Supreme Court conducted an extensive discussion of the “harmless error” rule, as enunciated in Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). Citing Chapman, the Court held that even constitutional violations may be harmless error, “given the myriad safeguards provided to assure a fair trial, and taking into account the reality of the human fallibility of the participants.” Hasting, 461 U.S. at -, 103 S.Ct. at 1980, 76 L.Ed.2d at 106. The Court in Hasting once more makes clear that “the duty of a reviewing court [is] to con *431 sider the trial record as a whole and to ignore errors that are harmless, including most constitutional violations____” Id. This concept is equally applicable to the military appellate courts in their application of the “harmless error” rule, as embodied in Article 59(a), Uniform Code of Military Justice, 10 U.S.C. § 859(a). Under the circumstances of the instant case where any error in pleading appears obviously harmless, it may well not have been necessary to consider even the issue of findings multiplicity. It is certainly unnecessary to consider relief as to sentence.
Accordingly, the sentence approved on review below is reaffirmed.
Judge BARR concurs.
Judge MITCHELL (Absent).