MARDEN, Senior Judge,
concurring in part and dissenting in part:
In my opinion, the findings should be merged or consolidated. United States v. Huggins, 17 M.J. 345 (C.M.A.1984) (summary disposition); United States v. Harclerode, 17 M.J. 981 (A.C.M.R.1984); United States v. Anglin, 15 M.J. 1010 (A.C.M.R. 1983). I am, however, satisfied appellant suffered no prejudice as to sentence and so would consolidate the specifications and affirm the sentence.
While I hesitate to enter the multiplicity maelstrom, since my Brother Werner, speaking for the majority, has chosen to express his analysis with a view towards setting precedent, I feel compelled to set forth my views as well. A quick statement of the problem would be that we disagree as to the application and vitality of United States v. Holt, 16 M.J. 393 (C.M.A.1983).
In discussing this subject it is necessary to analyze the somewhat tortuous background of the military law on multiplicity.[1] Upon completion, several things become immediately clear. One: The Court of Military Appeals is not going to give us a determinative, bright line rule for application to the cases before us. Indeed, early *398 on, that Court has stated “No one test is safe and accurate in all circumstances.” United States v. Burney, 21 U.S.C.M.A. 71, 73, 44 C.M.R. 125, 127 (1971). Two: The high court continually stresses that paragraph 75 & (4) of the Manual for Courts-Martial, United States, 1969 (Revised edition), and presumably Rule 307 of the Manual for Courts-Martial, 1984,[2] should be construed as prohibiting multiple charges for what should be one transaction. The Court often notes the possible prejudice to convicted persons by virtue of the appearance of what appear to be multiple convictions. Three: The Court of Military Appeals, despite its protestations to the contrary, has continually looked at the facts in evidence to decide questions in this area. United States v. Timberlake, 18 M.J. 371 (C.M.A.1984); United States v. Soukup, 7 C.M.R. 17 (1953). Accordingly, I can attach no continued vitality to the language in United States v. Holt, supra, to the effect that “we need [not] go beyond the language of the specifications on which the case is tried.” Id. at 394.
While even the learned Chief Judge of the Court of Military Appeals finds aspects of the problem difficult to reconcile, United States v. Zubko, 18 M.J. 378, 386 (C.M. A.1984) (Everett, C.J., concurring), and Judge Cook defines this area as a “mine field,” United States v. Zupancic, 18 M.J. 387, 390 (C.M.A.1984) (Cook, S.J., concurring in part and dissenting in part), it appears now that the current preferred method of analysis is a two-fold test: First, does a comparison of the specifications indicate a possibility the convictions arose from the same act or transaction. United States v. Zubko, supra. Second, if such a possibility exists, is the evidence needed to prove the offenses in the particular case under review, in a broad sense, the same. United States v. Timberlake, supra.
I find the language of the specifications involved in the instant case indicating unity between paired specifications in date, place, payee or victim, and amount involved. The providence inquiry indicates the forged checks were the false pretenses by which appellant completed the larcenies. Under the analysis above, I feel the rule in United States v. Allen, 16 M.J. 395 (C.M.A.1983), is closer to the case at hand and that findings of guilty should not be allowed to stand for two separate offenses, thus, my desire to consolidate them.

. An excellent history of the law on this subject may be found in "Mastering The Multiplicity Maze” by Captain Tim Raezer in the Trial Counsel Forum (December 1983).

. See abo Rule 906(b)(5).