**UNITED STATES, Appellee,**

v.

**Airman Frank A. GRASHA, U.S. Air Force, Appellant.**

No. 49,286.

ACM 24056.

U.S. Court of Military Appeals.

July 15, 1985.

For Appellant: *Colonel Leo L. Sergi* and *Major William H. Lamb.*

For Appellee: *Colonel Kenneth R. Rengert* and *Colonel Andrew J. Adams, Jr.*

*Opinion of the Court*

**PER CURIAM:**

A general court-martial convicted appellant of two specifications of arson—one of aggravated arson, in violation of Article 126(a), Uniform Code of Military Justice, 10 U.S.C. § 926(a), and the other of simple arson, in violation of Article 126(b). The first specification alleged, *inter alia*, that "on or about 14 December 1982, [appellant] did ... willfully and maliciously set on fire an inhabited structure, to wit: Rhein-Main Air Base Transient Quarters, Building

#345, the property of the Federal Republic of Germany ..."; and the second specification alleged that on the same date appellant "did ... willfully and maliciously set fire to cardboard boxes containing mirrors, dresser desks and smoking stands, the property of the United States Government, of a value in excess of $100.00." The question presented is whether these two specifications "should have been combined into a single specification." 18 M.J. 409 (1984).

To resolve this appeal we need only decide the narrow question whether it is permissible to convict an accused of separate specifications of aggravated arson of an inhabited building and of simple arson of some contents of that building. We conclude that nothing in the standard we articulated in *United States v. Holt*, 16 M.J. 393 (C.M.A.1983), and *United States v. Baker*, 14 M.J. 361 (C.M.A.1983), or in the language of paragraph 26*b*, Manual for Courts-Martial, United States, 1969 (Revised edition), *see United States v. Morris*, 18 M.J. 450 (C.M.A.1984), precludes separate convictions for aggravated arson of an inhabited building and simple arson of some of the building's contents. Congress expressly proscribed two different crimes of arson in the Uniform Code, each with an entirely different concern. The thrust of aggravated arson is the threat to human life posed by the fire; the thrust of simple arson is the damage to property. *See* para. 205, Manual, *supra*; and para. 52*c* (1), Part IV, Manual for Courts-Martial, United States, 1984. In view of this statutory framework, *Holt* and *Baker* support the proposition that an allegation of arson of an inhabited building does not fairly embrace burning or setting afire property contained in that building; and such "charged offenses are [not merely] different aspects of a continuous course of conduct prohibited by one statutory provision," *see United States v. Baker, supra* at 366, and para. 26 *b*, 1969 Manual, *supra*.

The decision of the United States Air Force Court of Military Review is affirmed.

Judge FLETCHER did not participate.