**UNITED STATES, Appellee,**

v.

**Sergeant First Class Ernest L. PHILLIPS, 371–52–3170, United States Army, Appellant.**

**ACMR 8800242.**

U.S. Army Court of Military Review.

25 Aug. 1988.

For Appellant: Lieutenant Colonel Joel D. Miller, JAGC, Captain Mary C. Cantrell, JAGC, Major Stewart C. Hudson, JAGC (on brief).

For Appellee: Lieutenant Colonel Gary F. Roberson, JAGC.

Before DeFORD, KANE and WERNER, Appellate Military Judges.

## OPINION OF THE COURT

DeFORD, Senior Judge:

Appellant was tried by a military judge sitting as a general court-martial at Seoul, Republic of Korea. Pursuant to his pleas, he was convicted of absence without leave, breach of restriction, violating a lawful general regulation by purchasing duty-free goods for illegal transfer, and violating a lawful regulation by wrongfully disposing of duty-free goods to unauthorized persons in violation of Articles 86 and 92, Uniform Code of Military Justice, 10 U.S.C. §§ 886 and 892 (1982) [hereinafter UCMJ].

The military judge sentenced the appellant to a bad-conduct discharge, confinement for eight months, and reduction to the grade of Private E1. The military judge recommended, however, that the convening authority suspend the bad-conduct discharge. Nevertheless, the convening authority denied this well-reasoned recommendation upon the advice of his staff judge advocate. In accordance with the pretrial agreement, he approved the sentence but suspended the confinement portion of the sentence in excess of six months for a period of a year with provision for automatic remission.

At trial, the military judge ruled that the specifications alleging absence without leave and breach of restriction were multiplicious for sentencing purposes. However, he denied appellant's motion for a finding of multiplicity on the two specifications alleging violations of lawful regulations. The military judge's failure to find the latter two specifications multiplicious for findings purposes was prejudicial error.

When specifications stand in the relationship of greater and lesser included offenses, those specifications are multiplicious for findings. *United States v. Baker*, 14 M.J. 361, 368 (C.M.A.1983). Specifications are also multiplicious when the factual allegations of one specification are embraced by another. *Id.* In *United States v. Holt*, the United States Court of Military Appeals held that this court need not look beyond the language of factual allegations

contained within the specifications alleged to be multiplicious when determining multiplicity. *United States v. Holt*, 16 M.J. 393, 394 (C.M.A.1983). *See also United States v. Zupancic*, 18 M.J. 387 (C.M.A.1984).

 The elements of Specification 1 of the Additional Charge (violation of United States Forces–Korea Regulation 60–1, para. 39(j) (25 February 1985)) require proof that the appellant wrongfully purchased specified goods for illegal transfer or production of income in violation of a lawful regulation. In essence, this offense charges the appellant with purchasing goods with the intent to place them into the stream of illegal commerce known as the black market. Specification 2 of the Additional Charge (violation of United States Forces–Korea Regulation 27–5, para. 18(a)(1) (20 May 1986)) as alleged requires proof that the appellant introduced into the black market the same goods enumerated in Specification 1 of the Additional Charge.

We find that the facts alleged within Specification 1 of the Additional Charge are embraced within Specification 2 of the Additional Charge. His purchase was unlawful only because it was accompanied with an intent to introduce the goods into the black market. This same intent must perforce be found in the factual allegation of the specification alleging the introduction of the goods into the black market. Likewise, the acquisition of possession which accompanied the purchase is a fact essential within the specification alleging the actual introduction. Accordingly, we hold that Specification 1 of the Additional Charge is multiplicious for findings with Specification 2 of the Additional Charge.

Under normal circumstances we would consolidate the two specifications, however, in this case, as we have noted, the wrongful conduct alleged in both specifications is substantially set forth in Specification 2 of the Additional Charge. Accordingly, we will dismiss the offending specification.

Finally, this court has the duty to affirm only such findings of guilty and sentence or such parts and amount of sentence as it finds correct in law and fact on the basis of the entire record. *See* Article 66(c), UCMJ,

10 U.S.C. § 866(c). While this court holds the power to reassess the sentence based upon the foregoing error, we are not satisfied that such reassessment would, under the circumstances of this case, purge the effects of the error. *See United States v. Sales*, 22 M.J. 305 (C.M.A.1986). Accordingly, a rehearing on sentence is the appropriate disposition.

The finding of guilty of Specification 1 of the Additional Charge is set aside and that specification is dismissed. The remaining findings of guilty are affirmed. The sentence is set aside. A rehearing on sentence may be ordered by the same or a different convening authority.

Judge KANE and Judge WERNER concur.