**UNITED STATES, Appellee,**

v.

**Sergeant Keith FOSTER, 277–58–3908,
United States Army, Appellant.**

**ACMR 8800867.**

U.S. Army Court of Military Review.

22 Dec. 1988.

For Appellant: Lieutenant Colonel Joel D. Miller, JAGC, Major Marion E. Winter, JAGC, Captain Pamela J. Dominisse, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Captain Martin D. Carpenter, JAGC, Captain Jody M. Prescott, JAGC (on brief).

Before HOLDAWAY, THORNOCK and CARMICHAEL, Appellate Military Judges.

## OPINION OF THE COURT

THORNOCK, Senior Judge:

In a general court-martial convened at the 2d Infantry Division in Korea, the appellant was convicted by a military judge of violation of a lawful regulation (three specifications) in violation of Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892 (1982). The substance of these offenses was the purchase of goods for illegal transfer, the illegal transfer of these items, and the purchase of controlled items in excess of personal needs, in violation of United States Forces Korea Regulations 27–5, para. 18(a)(1)(20 May 1986), and 60–1, para. 39(j) (25 February 1985).[1] He was sentenced to a bad-conduct discharge, confinement for six months, and reduction to Private E–1.

On appeal, the appellant assigns two errors: (1) that the military judge erred by failing to find Specification 2 of the Charge (wrongful purchase of goods for illegal transfer) multiplicious for findings with Specification 3 of the Charge (illegal transfer of goods), and (2) that the military judge also erred by failing to find Specification 2 of the Charge (wrongful purchase of goods for illegal transfer) multiplicious for findings with Specification 4

---

1. On motion, the military judge dismissed a fourth specification, failure to account for controlled items, on multiplicity grounds.

of the Charge (wrongful purchase of controlled items).

As to the first allegation, the government concedes the error in light of this court's holding in *United States v. Phillips*, 26 M.J. 963 (A.C.M.R.1988). We urge jurisdictions affected by these or similar issues to draft pleadings that select *the* regulation that is most applicable to the delict charged. If alternative pleading is necessary for exigencies of proof, jurisdictions should consider conceding multiplicity for sentencing. In the interest of judicial economy, and since the wrongful conduct alleged in both specifications is substantially set forth in Specification 3 of the Charge, *see Phillips*, 26 M.J. at 965, we will dismiss Specification 2.

▮ We also find error in the military judge's ruling that Specifications 2 and 4 of the Charge were not multiplicious for sentencing. Although noting the factual distinctions between the wrongful purchase of goods for illegal transfer and the wrongful purchase of controlled items above specified limits, the judge correctly viewed the events charged as part of a single impulse or transaction. However, he ruled that "the two provisions in the regulation establish two social standards and [the accused] violat[ed] two separate social standards. That's the basis for the ruling."[2] Due to the distinct elements of the two specifications, and the different social norms addressed by the two regulations[3] we find that the military judge correctly held that these offenses were not multiplicious for findings. Nevertheless, in this case, we believe these offenses were multiplicious for sentencing.[4] Appellant obviously purchased the controlled items in excess of specified limits in order to sell them, thereby reaping a profit. This single course of conduct should not be punished twice.

In sum, we find that Specifications 2 and 3 of the Charge are multiplicious for findings, and that the remaining Specification 3 and Specification 4 are multiplicious for sentencing only.

We have reviewed the entire record with a view toward our charge in Article 66(c), UCMJ, 10 U.S.C. § 866(c) and we have reassessed the sentence. Notwithstanding the errors noted, we are satisfied that the absence of those errors would not have affected the sentence adjudged. Additionally, the convening authority's clement action likewise would have been unaffected. *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986).

The finding of guilty of Specification 2 of the Charge is set aside and that specification is dismissed. The remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the errors noted and the entire record, the sentence is affirmed.

Chief Judge HOLDAWAY and Judge CARMICHAEL concur.

---

2. During the colloquy it is apparent that the military judge was referring to both USFK Regulation 27-5 and 60-1.

3. The regulations at issue were obviously designed with some common purposes, namely control of black marketing, as well as some separate purposes, such as ensuring that there are items available for other individuals to purchase—essentially an anti-hoarding and fairness policy for the authorized customers desiring commodities not readily available or affordable to them on the Korean economy. However salutary this design may be, in our view, it should not be used in an attempt to increase the maximum sentence. Its proper use in a military justice context is to provide for exigencies of proof.

4. The difficulties of assuming the multiplicity issue were commented upon with candor by Chief Judge Everett in his concurring opinion in *United States v. Baker*, 14 M.J. 361, 370 (1983). We undertake to assist in clarifying this issue as did this court in *United States v. Phillips*, 26 M.J. 963 (A.C.M.R.1988).