**UNITED STATES**

v.

**Bill J. WISEMORE, Seaman Recruit, U.S. Coast Guard.**

**CGCM 0038.
Docket No. 957.**

U.S. Coast Guard Court of Military Review.

4 Feb. 1991.

Trial Counsel: LCDR Lawrence I. Kiern, USCG.

Detailed Defense Counsel: CAPT J.L. Whitmer, USMC.

Appellate Defense Counsel: LT G Arthur Robbins, USCG.

Appellate Government Counsel: LCDR Michael J. Devine, USCG.

Before Panel One, BAUM, BRIDGMAN AND SHKOR, Appellate Military Judges.

BAUM, Chief Judge:

Appellant was tried by General Court-martial, judge alone, for offenses alleging wrongful possession, use, and distribution of marijuana in violation of Article 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 912a; soliciting use of marijuana in violation of Article 134, UCMJ, 10 U.S.C. § 934; and failure to obey an order not to possess drug paraphernalia in violation of Article 92, UCMJ, 10 U.S.C. § 892.

Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, appellant was convicted of three marijuana possession specifications; seven marijuana use specifications; one marijuana distribution specification; three soliciting marijuana use specifications; and one specification of failure to obey an order not to possess drug paraphernalia. The judge sentenced appellant to a dishonorable discharge, confinement for two years, forfeiture of all pay and allowances, and reduction to pay grade E-1. The convening authority approved the sentence, but suspended all confinement in excess of 18 months for a period of twelve months in accordance with the terms of the pretrial agreement. Before this court, appellant has assigned one error, that the military judge erred in failing to dismiss, *sua sponte*, at findings, one of two multiplicious specifications alleging separate marijuana possession offenses, based upon a single, continuously possessed, diminishing quantity of that contraband.

■ The assertion of multiplicity is raised for the first time before this Court. At trial, the defense made neither a motion to dismiss one of the specifications as multiplicious for findings nor a motion to treat them as one for sentencing. For that rea-

son, the Government contends the issue has been waived. To the contrary, the Court of Military Appeals made it clear in *U.S. v. Holt*, 16 M.J. 393, 394 (CMA 1983) that, when application of the appropriate standards compel a conclusion of multiplicity, the matter will be treated as plain error prompting relief at the appellate level despite failure to raise the issue at trial.

The court in *Holt, supra*, went on to say, however, that in such instances, testing for multiplicity at the appellate level need not go "beyond the language of the specification on which the case is tried." Id. at 394. Here, there is nothing in the language of the specifications to indicate the offenses might be multiplicious. One specification alleges possession of approximately twenty-eight grams of marijuana at or near Yakima, Washington on or about 7 November 1989. The other specification alleges possession of approximately three grams of marijuana fifteen days later at a different place entirely, on board the Coast Guard Cutter IRIS located at or near Astoria, Oregon. Despite the appearance on the face of the specifications that these were two separate offenses, appellant urges us to find error on the judge's part in failing to treat these offenses as multiplicious *sua sponte*.

Appellant bases his assertion of error on information in the plea providence inquiry reflecting that the three grams of marijuana were part of the twenty-eight grams possessed on 7 November. He asserts that the two offenses resulted from a single continuous course of conduct over the intervening fifteen days which was prohibited by one statutory provision. A careful reading of the providence inquiry tends to support this theory. However, it is noted that the judge's inquiry into the circumstances surrounding the offenses to which appellant pled guilty was extensive, covering at least fifty pages of verbatim record. Without an indication of multiplicity on the face of the specification, or a motion by the defense raising the issue, it would appear unreasonable to require the judge, among his many other responsibilities, to sift through this wealth of detail to uncover possible multiplicity that was not apparent to anyone else.

The Court of Military Appeals said that such was unnecessary and we, too, are not receptive to adding that burden to the judge's shoulders. We agree with the Government Counsel's statement that "(s)ince the accused is the one who knows where and when he has obtained varying amounts of illegal drugs it is not unfair to require him to complain of any duplication of charges when the offenses are not multiplicious on their face." Government brief at page 4. We will not require the judge to extract from the guilty plea inquiry a duplication of offenses that accused and counsel are unable to discern.[1] Certainly, under such circumstances, it cannot be said that the alleged error is one that is plain. The assignment of error is rejected.

We have reviewed this case under the terms of Article 66, UCMJ, 10 U.S.C. § 866 and have determined that the findings and sentence are correct in law and fact and on the basis of the entire record should be approved. Accordingly, the findings of guilty and sentence, as approved and partially suspended below, are affirmed.

Judges BRIDGMAN and SHKOR concur.

---

1. In this regard, it is noted that the judge early in the trial, after declaring two specifications multiplicious on motion by the defense at an Article 802 conference, went on to say that the other specifications appeared to be separate and that "it's been represented to me that they are separately punishable." Record of trial at p. 23.