# UNITED STATES
### v.
### Sergeant Alan D. SIMMONS, FR 458–11–4787 United States Air Force.
### ACM 23444.

U. S. Air Force Court of Military Review.

Sentence Adjudged 15 Jan. 1982.

Decided 3 Sept. 1982.

Appellate Counsel for the Accused: Colonel George R. Stevens and Captain J. Laurens Tullock.

Appellate Counsel for the Government: Colonel James P. Porter, Colonel Kenneth R. Rengert, Lieutenant Colonel Bruce R. Houston and Major Michael J. Hoover.

Before POWELL, KASTL and RAICHLE, Appellate Military Judges.

## DECISION

KASTL, Senior Judge:

Asking this Court to condemn what he labels governmental overreaching, Sergeant Simmons urges that his conviction for drug offenses be overturned. In a single assignment of error, he alleges that:

THE OVERREACHING BY GOVERNMENT INVESTIGATORS BY ARRANGING, AND ACTUALLY SELLING DRUGS TO AN INDIVIDUAL AND THEN CHARGING THAT INDIVIDUAL WITH POSSESSION OF THE DRUGS IS SO REPUGNANT AS TO BE VIOLATIVE OF DUE PROCESS.

We discern no due process rights offended by the government, and we affirm.

As stipulated at trial, the following facts gave rise to the assignment of error before us:

Special Agent Charles (Chuck) Chappellie, an Air Force Office of Special Investigations [OSI] agent, was placed as an undercover agent at Dyess AFB on 16 October 1981. Chappellie's role was to be the assistant dorm manager in the 463 FMS dorm, building 6137.

In the evening of 25 October 1981, Sergeant Simmons smoked marijuana in the presence of SA Chappellie and others. This happened on Dyess Air Force Base. Sergeant Simmons knew the substance to be marijuana and he knew it to be wrongful.

Sergeant Simmons produced the marijuana that was smoked in the form of a cigarette on 25 October 1981. He knowingly transferred it to the other people who smoked it. He knew the transfer of the marijuana was wrongful.

In the evening of 26 October 1981, Sergeant Simmons smoked marijuana in the presence of SA Chappellie and another. Sergeant Simmons knew that the substance was marijuana and knew that this was wrongful.

On both occasions, Sergeant Simmons believed that SA Chappellie was smoking the marijuana, but in fact SA Chappellie only simulated smoking the marijuana.

On 29 October 1981, they discussed the arrival of SA Chappellie's "cousin". They arranged for Sergeant Simmons to meet the "cousin" around 1300 on 30 October 1981 to purchase marijuana. SA Chappellie's "cousin" was another AFOSI agent posing as a marijuana seller.

On 30 October 1981, SA Chappellie notified his "cousin" of Sergeant Simmons' expected arrival time of 1345 and gave him a description of Sergeant Simmons' physical appearance.

The undercover agents had rented a room at a local hotel from which to operate. Sergeant Simmons arrived at the room as expected, identified himself and entered the room. He was frisked for weapons by the sellers. He had none.

The "cousin" posed as the business partner, the other agent posed as a "strong man". The "strongman" was armed with a shotgun which he held conspicuously throughout the transaction. Sergeant Simmons told the sellers he wanted to buy a pound of marijuana. He eventually bought 1.34 pounds for $282.32, the amount of the pay check from his part time job. Sergeant Simmons signed the check over to the agents.

Sergeant Simmons intended to take the marijuana directly from the motel off base. Sergeant Simmons and the sellers concluded the transaction in about 15 minutes. As he left the room, Sergeant Simmons was apprehended by other AFOSI agents and members of the Abilene Police Department.

Sergeant Simmons knew that what he bought was marijuana and he knew that this transaction was wrongful.

The accused was tried for possession, use, and transfer of marijuana, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. Upon pleas of guilty, he was found guilty by a general court-martial, with members; he was sentenced to a bad conduct discharge, confinement at hard labor for six months, forfeiture of $200.00 per month for six months, and reduction to the lowest enlisted grade.

The assignment of error has been professionally argued and briefed. Appellate defense counsel urge that the OSI's activity in this case went beyond entrapment and became "virtue testing," impermissible in light of the Supreme Court's plurality decision in *Hampton v. United States,* 425 U.S. 484, 489, 96 S.Ct. 1646, 1649, 48 L.Ed.2d 113 (1976); that the OSI crossed the line of proper investigatory techniques when it "set up a drug store;" and that such conduct is inimical to an orderly, law-abiding society. Contrariwise, appellate govern-ment counsel suggest that the error claimed by the defense was not litigated at trial and thus was waived; that informed appellate decisions can be made only when both sides have had a chance to set out fully-developed facts on the record; and that, in any event, the accused was merely afforded an opportunity to give in to his criminal propensities, rather than being enticed into an investigator's trap.

Assuming, arguendo, that this due process issue was not waived, we hold that this record fails to demonstrate governmental conduct so outrageous so as to offend against due process. We first note there was insufficient evidence developed at trial that the OSI induced the accused to commit unlawful acts in order to prosecute him. Furthermore, we find that Simmons has failed to establish the factual predicate of repugnant, overzealous government misconduct necessary for relief based upon overreaching governmental misconduct. *Hampton v. United States, supra; Lopez v. United States,* 363 U.S. 427, 434–435, 83 S.Ct. 1381, 1385–1386, 10 L.Ed.2d 46 (1963); *Sorrells v. United States,* 287 U.S. 435, 445, 452, 53 S.Ct. 210, 214, 216, 77 L.Ed. 413 (1932). *See generally United States v. Johnson,* 565 F.2d 179, 181 (1st Cir. 1977); *United States v. Leja,* 563 F.2d 244, 246 (6th Cir. 1977); *United States v. Graves,* 556 F.2d 1319, 1322, 1324–1325 (5th Cir. 1977), cert. denied, 435 U.S. 923, 98 S.Ct. 1485, 55 L.Ed.2d 516 (1978); *United States v. Reynoso-Ulloa,* 548 F.2d 1329, 1339 (9th Cir. 1977).

Accordingly, the findings of guilty and sentence are

AFFIRMED.

POWELL, Senior Judge, and RAICHLE, Judge, concur.