426

UNITED STATES, Appellee,

v.

Antonio B. GONZALEZ–DOMINICCI,
Specialist Five, U.S. Army,
Appellant.

No. 40,934.

CM 439669.

U. S. Court of Military Appeals.

Jan. 17, 1983.

For Appellant: *Colonel Edward S. Adamkewicz, Jr., Major Charles A. Byler, Captain*

*Robert L. Gallaway* (on petition); *Captain Steven T. Cain.*

For Appellee: *Colonel R.R. Boller, Major Ted B. Borek, Major Robert B. Williams, Captain Peter M. Donawick* (on petition).

*Opinion of the Court*

EVERETT, Chief Judge:

Contrary to his pleas, appellant was convicted by a general court-martial composed of officer and enlisted members for wrongful possession and transfer of cocaine, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. He was sentenced to a bad-conduct discharge, reduction to the lowest enlisted grade, and a fine of $500.00. This sentence was approved by the convening authority and by the United States Army Court of Military Review. We granted review (11 M.J. 398) on two issues, one of which has been disposed of adversely to appellant by our decision in *United States v. Ettleson,* 13 M.J. 348 (C.M.A.1982). The other concerns an instruction on entrapment.

At the request of the individual defense counsel, the judge gave an instruction which was based on the model set forth in paragraph 6–8 of the Military Judges' Guide, DA PAM 27–9 (May 19, 1969). In so doing, he first advised the court members that predisposition of the accused to commit the offense must be established by the Government in rebutting the entrapment defense; then he continued:

However, even if the original suggestion or initiative did not come from the accused, you may nevertheless find that he was not entrapped if you're satisfied beyond a reasonable doubt that the agent of the government had reasonable grounds to believe or suspect that the accused was already actively engaged in the same type of criminal activity or business or was about to become so engaged.

This instruction was in error and should not have been given.

In *United States v. Vanzandt,* 14 M.J. 332, 344 and n. 15 (C.M.A.1982), we made clear that entrapment is concerned with the presence or absence of a "predisposition" on the part of the accused to commit the crime charged. As far as this defense is concerned, it is immaterial whether an agent of the Government "had reasonable grounds to believe or suspect that the accused was already actively engaged in the same type of criminal activity or business, or was about to become so engaged."

Although the instruction was erroneous, it was not objected to by defense counsel; indeed, it was given in response to a defense request. Viewing the instructions as a whole against the backdrop of the evidence, we do not believe that appellant was prejudiced in this case. Accordingly, the decision of the United States Army Court of Military Review is affirmed.

Judges COOK and FLETCHER concur.