**UNITED STATES, Appellee,**

v.

**Private First Class Austin E. LEWIS, III, SSN 047–62–8389, United States Army, Appellant.**

**SPCM 18511.**

U.S. Army Court of Military Review.

21 Oct. 1983.

Lieutenant Colonel R. Rex Brookshire II, JAGC, Major Paul J. Luedtke, JAGC, and Captain Kenneth G. Gale, JAGC, were on the pleadings for appellant.

Colonel James Kucera, JAGC, Lieutenant Colonel John T. Edwards, JAGC, Captain Daniel N. Velling, JAGC, and Captain Robert C. Erickson, Jr., JAGC, were on the pleadings for appellee.

Before MOUNTS, YAWN and WERNER, Appellate Military Judges.

## OPINION OF THE COURT

YAWN, Judge:

Contrary to his pleas, appellant was convicted of wrongful transfer and possession of marijuana in the hashish form, violations of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (1976). His defense was entrapment and he now alleges an instructional error at trial on this issue. We agree that there was an error but find no prejudice and affirm.

■ The instruction given was based upon the model set out in paragraph 5–6, Dept. of Army Pam. 27–9, *Military Judges' Benchbook* (1 May 1982) [hereinafter *Benchbook*], and contained the following language:

> The defense of entrapment exists if the original suggestion and initiative to commit the offense originated with the government, and not the accused, and the government agents did not have reasonable grounds to believe that the accused was involved or was about to be involved in similar criminal misconduct. On the other hand entrapment can be defeated by showing that the original suggestion and initiative to commit the offense originated with the accused, or that the government agents did have reasonable grounds to believe that the accused was involved or was about to be involved in similar criminal misconduct, or by showing that the accused had a predisposition or inclination to commit the offenses with which he is charged.

A similar instruction was held to be erroneous in *United States v. Vanzandt,* 14 M.J. 332, 344 n. 15 (C.M.A.1982), a decision rendered five months after this case was tried. The Court of Military Appeals noted that such an instruction improperly allows the defeat of an entrapment defense if Government agents reasonably suspected an accused of criminal activity, even if he was neither engaged in it nor predisposed to do so. After tracing the development of the law of entrapment, the Court adopted a "subjective test" of entrapment which involves balancing the accused's resistance to

temptation against the amount of Government inducement. The focus is on the accused's predisposition to commit the crime; the existence of suspicion on the part of the police is immaterial. However, the Court found that no prejudice flowed from the instruction given at Vanzandt's trial since there was no evidence the police suspected him of criminal activity. Thus, it was assumed the members disregarded the inapplicable part of the instruction. *Id.*

In the case-at-bar, the trial defense counsel announced before *voir dire* that entrapment would be the defense and asked the military judge to instruct the members on its elements prior to questioning. The military judge did so, essentially using the same language as above. Defense did not object. At an Article 39(a)\* session prior to instructing the members, the military judge announced that he intended to give the standard entrapment instruction "found on page 5–15 of the [*Benchbook*]." Defense did not object but asked that this instruction be refined in an area not at issue here. The military judge agreed and instructed in accordance with defense's request. Both counsel were given an opportunity to object to the instructions or request additional ones, but neither did so.

After deliberating about fifteen minutes, the court members returned for additional guidance on the entrapment defense, which the military judge gave, using, in essence, the same instruction as before. Trial defense counsel declined an opportunity to object or request additional instructions.

Although the given instruction was erroneous, it was given three times during the trial, initially at defense request. On each occasion, trial defense counsel failed to object. The only addition to or clarification of this instruction that defense requested was given. While the law imposes upon military judges a burden to correctly instruct *sua sponte* on certain issues, the defense counsel is not relieved from the obligation to seek clarification of instructions that might be misleading or imprecise. This is especially true when, as here, the

objectionable language has long been in use. *See United States v. Salley,* 9 M.J. 189 (C.M.A.1980). The entrapment instruction given in this case has been used in the Army in essentially the form as here since at least 1969, Dept. of Army Pam. 27–9, *Military Judge's Guide,* paragraph 6–8 (19 May 1969), and is apparently derived from *United States v. McGlenn,* 8 U.S.C.M.A. 286, 290, 24 C.M.R. 96, 100 (1957). *United States v. Vanzandt,* 14 M.J. at 344 n. 15.

■ The facts in this case and *Vanzandt* are very similar. In both cases, a drug transaction was arranged by a "confidential informant" working for Army criminal investigating agents. The evidence in both cases concerning the recruitment of the confidential informant, his instructions, and his contact with the seller was much the same. Additionally, the seller was found in both cases within an hour after the informant was sent on his mission, and there was no evidence the seller in either case was under suspicion prior to the transaction which resulted in his trial.

Considering this instruction in light of the foregoing and the entire record, we find the appellant was not prejudiced. *United States v. Gonzalez-Dominicci,* 14 M.J. 426 (C.M.A.1983).

We have considered the remaining assignments of error and conclude they have no merit.

Accordingly, the findings of guilty and the sentence are affirmed.

Senior Judge MOUNTS and Judge WERNER concur.

---

\* Article 39(a), Uniform Code of Military Justice, 10 U.S.C. § 839(a) (1976).