**UNITED STATES, Appellee,**

v.

**Private (E–2) Lloyd P. GARRISON, SSN 060–54–8202, United States Army, Appellant.**

**SPCM 18140.**

U.S. Army Court of Military Review.

30 Dec. 1983.

Colonel William G. Eckhardt, JAGC, Lieutenant Colonel R. Rex Brookshire II, JAGC, Major Robert C. Rhodes, JAGC, Captain Michael T. Kelly, JAGC, Captain Joel R. Maillie, JAGC, and Captain Frank J. DiGiammarino, JAGC, were on the pleadings for appellant.

Colonel James Kucera, JAGC, Lieutenant Colonel John T. Edwards, JAGC, Major Patrick M. Flachs, JAGC, and Captain Daniel N. Velling, JAGC, were on the pleadings for appellee.

Before WOLD, NAUGHTON and CO-HEN, Appellate Military Judges.

## OPINION OF THE COURT

WOLD, Senior Judge:

I

Appellant was convicted on 28 May 1982 of simultaneous possession and sale of marijuana on 24 November 1981 and possession of marijuana on 5 December 1981. As to the sale offense, appellant raised the defense of entrapment.[1] To rebut this defense the Government introduced, *inter alia*, testimony that, prior to the sale, an informant had told the military police investigator who bought the marijuana that appellant was a source from whom marijuana could be purchased.

Trial defense counsel requested the standard entrapment instruction in paragraph 5–6, U.S. Dept. of Army Pamphlet No. 27–9, *Military Judges' Benchbook* (1982), which apparently had been derived from *United States v. McGlenn*, 8 U.S.C.M.A. 286, 290, 24 C.M.R. 96, 100 (1957). The *Benchbook* instruction states the subjective test of entrapment, focusing on the predisposition of the accused to commit the offense, and also states the objective test of entrapment, focusing on whether the government agents involved had reason to believe the accused was engaged or was about to engage in similar criminal activity. The trial judge gave the substance of the *Benchbook* instruction, including both the subjective and objective tests. As to the objective test, he said:

[E]ven if the accused did not seek to help or initiate the involved activity, you may still find there is no entrapment if the government agents have reasonable grounds to believe or suspect that the accused was involved or was about to be involved in similar criminal conduct .... Now in deciding whether the accused was entrapped, you should consider all

---

1. The entrapment defense was not raised as to the possession offense charged with the sale offense, nor was it raised as to the later possession offense.

the evidence presented on this matter. The court should consider the fact that the government had received information through their confidential informant ... that the accused had been trafficking in marijuana.

In his closing statement to the members of the court on findings, the trial counsel argued that the defense of entrapment was negated by the evidence that the military police investigator had been told appellant was a source for marijuana. The trial counsel's argument relied primarily upon the objective test included in the trial judge's instructions. Appellant was convicted of the sale and both possession charges.

The quoted portion of the trial judge's instructions was plainly error. *United States v. Vanzandt*, 14 M.J. 332 (C.M.A. 1982); *United States v. Gonzalez-Dominicci*, 14 M.J. 426 (C.M.A.1983). Throughout the history of the entrapment defense, the majority holdings of the United States Supreme Court have approved the subjective test and rejected the objective test. *Hampton v. United States*, 425 U.S. 484, 96 S.Ct. 1646, 48 L.Ed.2d 113 (1976); *United States v. Russell*, 411 U.S. 423, 93 S.Ct. 1637, 36 L.Ed.2d 366 (1973); *Sherman v. United States*, 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848 (1958); *Sorrells v. United States*, 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413 (1932). The holding in *United States v. McGlenn, supra*, which adopted the objective test of entrapment was bad law when *McGlenn* was decided and has been bad law ever since. The Supreme Court's decisions, coupled with the opinions of the Court of Military Appeals after its decision in *McGlenn*,[2] long ago laid to rest any doubts about *McGlenn's* continued validity as good law. Thus the doctrine of waiver has no application.[3]

Appellant's principal defense to the sale charge was entrapment. The Government's principal response was that the ob-

jective test of entrapment was met. Evidence was presented to the fact-finders supporting the Government's theory, and both the trial judge and the prosecutor commented on that evidence. The inescapable conclusion is that appellant was prejudiced by the erroneous instruction which embraced the Government's theory. The conviction for the sale offense cannot stand.

## II

Appellant contends that the trial judge erred by denying a motion to suppress certain marijuana seized when appellant was apprehended. This contention is without merit.

## III

Appellant also contends that the specification alleging the sale is multiplicious for findings with the specification alleging simultaneous possession of marijuana. Because of our disposition of the specified issue discussed in Part I above, this issue is not ripe for decision.

## IV

The finding of guilty of Specification 3 of the Charge is set aside. The remaining findings of guilty are affirmed. The sentence is set aside subject to the following qualifications. The record of trial is returned to The Judge Advocate General for submission to the same or a different convening authority. The convening authority may order a rehearing on Specification 3 of the Charge and on the sentence, or if he determines a rehearing on that specification impractical, he may dismiss the specification and order a rehearing on sentence only. If he determines a rehearing on sentence only also impractical, the convening authority may reassess the sentence set aside subject to this qualification.

Judge NAUGHTON and Judge COHEN concur.

---

2. *United States v. Garcia*, 23 U.S.C.M.A. 403, 50 C.M.R. 285 (1975), 1 M.J. 26 (C.M.A.1975); *United States v. Hèbert*, 1 M.J. 84 (C.M.A.1975).

3. To the extent *United States v. Lewis*, 17 M.J. 550 (A.C.M.R.1983) may be read to hold the contrary, we believe that opinion to be in error.