**UNITED STATES, Appellee,**

v.

**First Lieutenant Jerry D. FAIR, SSN 587–56–8844, United States Army, Appellant.**

**CM 444994.**

U.S. Army Court of Military Review.

25 April 1984.

Lieutenant Colonel Paul J. Luedtke, JAGC, Captain Rita R. Carroll, JAGC, and Captain Karen S. Davis, JAGC, were on the pleadings for appellant.

Colonel James Kucera, JAGC, Lieutenant Colonel John T. Edwards, JAGC, and Captain Thomas E. Booth, JAGC, were on the pleadings for appellee.

Before WOLD, NAUGHTON and CO-HEN, Appellate Military Judges.

## OPINION OF THE COURT

WOLD, Senior Judge:

■ We agree with appellant that Specifications 1 and 2 of Charge I, alleging simultaneous possession of amphetamines and cocaine, are multiplicious for findings purposes and should be consolidated. We reach the same conclusion with respect to Specifications 3 and 4 of Charge I which allege simultaneous distribution of portions of the amphetamines and cocaine appellant possessed. *United States v. Harclerode,* 17 M.J. 981 (A.C.M.R.1984). *See United States v. Huggins,* 17 M.J. 345 (C.M.A.1984) (summary disposition). We are satisfied that appellant suffered no prejudice as to the sentence since the trial judge treated the two possession offenses as one for sentencing, as he did the two distribution offenses. *United States v. Allen,* 16 M.J. 395 (C.M.A. 1983).

■ Contrary to appellant's contention, however, we agree with the trial judge that the possession offense is separate from the distribution offense for both findings and sentencing purposes. *United States v. Glover,* 16 M.J. 397 (C.M.A.1983).

In *United States v. Holt,* 16 M.J. 393, 394 (C.M.A.1983), the Court of Military Appeals stated, "[W]e do not believe that, in testing for multipliciousness, we need go beyond the language of the specifications on which the case is tried." Literal application of this language would indicate that the possession and distribution specifications in this case are multiplicious for findings. We believe such an interpretation of *Holt* would be too broad. As we understand *Holt* and its predecessor, *United States v. Baker,* 14 M.J. 361 (C.M.A.1983), a comparison of the language of the specifications at issue is only the first step in determining whether the specifications are multiplicious for findings. If findings multiplicity is not conclusively negated by comparison of the allegations in the specifications alone, the Court must then analyze the evidence introduced at trial to determine whether the offenses are actually multiplicious for findings purposes. *United States v. Baker,* 14 M.J. at 368. *See United States v. Glover,* 16 M.J. at 398–99. We believe that this approach not only corresponds with the operative language used by the Court of Military Appeals and the dispositions the Court has made, but effectuates the underlying objective which the Court seeks to achieve in this area, *i.e.,* the establishment of principles which may be applied without unreasonable confusion at all stages of the military justice process and which will protect an accused from substantial adverse distortion of the public record of his criminal acts. *See United States v. Doss,* 15 M.J. 409 (C.M.A.1983).

Applying these principles to the case at bar, we find that a facial analysis of the allegations that appellant possessed and distributed "some" of the same drugs at the same time and place indicates the specifications are multiplicious for findings purposes.[1] The facts of the case show that the substances which gave rise to the possession offenses were not the same substances which gave rise to the distribution offenses. Thus, the possession and distribution are separate for findings purposes.

■ Appellant also claims sentence relief for 35 days of pretrial arrest which he contends was more rigorous than necessary to insure his presence for trial. In the alternative, appellant claims that his pretrial arrest was time spent in "custody" and that he is therefore entitled to administrative credit based on *United States v. Allen,* 17 M.J. 126 (C.M.A.1984). As to the first contention, we agree with the trial judge that the conditions of appellant's pretrial restraint during the period in question were not unreasonable under the circumstances of this case. *See United States v. Heard,* 3 M.J. 14 (C.M.A.1977). As to the second contention, we do not read *Allen* to mandate administrative credit for forms of pretrial restraint other than incarceration.

■ In addition, appellant suggests that the convening authority violated the mandate of *United States v. Larner,* 1 M.J. 371 (C.M.A.1976), by following the trial judge's ruling that the remedy for an additional 27 days of allegedly illegal pretrial arrest was approval of only 14 months and 3 days of the 15 months of confinement adjudged. Assuming, without deciding, that the trial judge was correct in his ruling that some form of relief was required, we note that appellant will receive good conduct time at the same rate (six days per month) as he would have if the adjudged confinement had been approved. Army Reg. 633–30, para. 13 (1964); United States Disciplinary Barracks Manual, para. 1–20(d), Table 1–5 (1979). If the convening authority had directed 27 days of administrative credit against an approved sentence to confinement for 15 months, appellant could have accrued six additional days of good conduct time. We will remedy this error in our decretal paragraph.

1. For example, Specification 1 of Charge I alleges, "In that First Lieutenant Jerry D. Fair, US Army, 5th Finance Company, did, at Fort Polk, Louisiana, a military installation, on or about 27 July 1983, wrongfully possess some amount of cocaine." Specification 3 of Charge I alleges, "In that First Lieutenant Jerry D. Fair, US Army, 5th Finance Company, did, at Fort Polk, Louisiana, a military installation, on or about 27 July 1983, wrongfully distribute some amount of cocaine to Specialist Four Ronald L. Redden, a member of the US Army."

Appellant's remaining assignment of error and his argument concerning the appropriateness of his sentence are without merit.

The findings of guilty of Specifications 1 and 2 of Charge I are consolidated by adding at the end of Specification 2 the words, "and some amount of cocaine." The findings of guilty of Specifications 3 and 4 of Charge I are consolidated by inserting in Specification 4 after the words, "United States Code," the words, "and some amount of cocaine." The findings of guilty of Specifications 2 and 4 of Charge I, as amended, are affirmed. The findings of guilty of Specifications 1 and 3 of Charge I are set aside and those specifications are dismissed. The remaining findings of guilty and the sentence are affirmed. The accused will be given administrative credit for service of 6 days of his sentence to confinement at hard labor.

Judge NAUGHTON and Judge COHEN concur.