UNITED STATES, Appellee,

v.

Jeffrey R. ZICKEFOOSE, Sergeant, U.S. Army, Appellant.

No. 44,829.

CM 442196.

U.S. Court of Military Appeals.

May 14, 1984.

For Appellant: *Colonel William G. Eckhardt, Major Robert C. Rhodes, Captain James A. McAtamney* (on brief); *Captain Robert S. Johnson, Jr.*

For Appellee: *Lieutenant Colonel John T. Edwards, Captain Glenn D. Gillett, Captain Edmond R. McCarthy, Jr.* (on brief); *Colonel R. R. Boller* and *Captain Mark S. Julius.*

*Opinion of the Court*

PER CURIAM:

After the military judge at appellant's general court-martial rejected his tendered pleas of guilty to charges alleging various drug offenses involving methamphetamines,[1] the court members found Zickefoose guilty of all charges and specifications and sentenced him to a dishonorable discharge, confinement for 2 years, total forfeitures, and reduction to the lowest enlisted grade. The convening authority approved these results, and the United States Army Court of Military Review affirmed. We granted review. 15 M.J. 177 (1983).

In this Court, appellant urges that a rehearing is required because the military judge erroneously instructed the members that the Government could defeat appellant's claim of entrapment "by showing [either] that the government agents had reasonable grounds to believe or suspect that the accused was involved or was about to be involved in similar criminal conduct or . . . by showing that the accused was predisposed or inclined to commit the offense." Notwithstanding error, we affirm.[2]

1. When the providence inquiry did not adequately resolve the potential defense of entrapment raised by appellant, the military judge rejected the proffered guilty pleas and entered pleas of not guilty.

2. We also granted review of appellant's claims (a) that possession and transfer of methamphetamines are multiplicious for findings with sale and (b) that another possession and attempted transfer of methamphetamines are multiplicious with an attempted sale. Now, we conclude this claim lacks merit. *See United States v. Izzo,* 18 M.J. 30 (1984); *United States v. Smith,* 14 M.J. 430, 432 (C.M.A. 1983).

At several points in the trial, the military judge gave cautionary instructions limiting the use to which the members could put certain testimony which they had just heard relating to appellant's claim of entrapment: The instruction on each occasion indicated that the evidence could be used only in deciding the reasonableness of the government agent's belief that appellant "was involved or about to be involved in similar" activity or in deciding whether appellant may have been "predisposed . . . to commit the" offenses charged. On no occasion did defense counsel object to these instructions.

Prior to findings, however, defense counsel proposed to the military judge written instructions on entrapment to be used in lieu of the standard instructions in paragraph 6–8, DA Pam. 27–9, *Military Judges' Guide* (1969). As counsel noted, his proposed instruction—extracted from E. Devitt and C. Blackmar, *Federal Jury Practice and Instructions* § 13.09 (3d ed. 1977)—was more succinct. Also, it "substantially lessened" the "danger" posed in the standard instruction that the entrapment defense could be rejected "merely by a prosecutorial showing that its dogged pursuit was based on a reasonable suspicion that . . . [appellant] was already involved in criminal activity." The military judge elected, however, to give the standard instruction which, as noted, permitted the Government to defeat the entrapment defense in either of two ways.

■ In *United States v. Vanzandt*, 14 M.J. 332, 343 (1982)(footnote omitted), we held that, "once the defense [of entrapment] is raised, the Government must prove that the accused was predisposed to commit the criminal activity and needed only the opportunity to commit the crime." Consequently, the judge erred in instructing that the defense could be rebutted also by showing law-enforcement suspicion or belief that appellant was engaged in or was about to become engaged in similar criminal activity. *Accord United States v. Gonzalez-Dominicci*, 14 M.J. 426 (C.M.A. 1983).

Nonetheless, we agree with the Court of Military Review that "evidence of appellant's predisposition to commit the crimes was overwhelming." Unpublished opinion at 2. Furthermore, although defense counsel did propose an instruction which would have omitted the objectionable material, he failed to object on earlier occasions in the trial when the judge gave limiting instructions which did include it. As we concluded in *United States v. Gonzalez-Dominicci*, *supra* at 427, "[v]iewing the instructions as a whole against the backdrop of the evidence, we do not believe that appellant was prejudiced in this case."

The decision of the United States Army Court of Military Review is affirmed.