**UNITED STATES, Appellee,**

v.

**Private (E–1) KAMYAL (formerly Kevin M. Gomez), SSN 082–48–9238, United States Army, Appellant.**

**CM 444132.**

U.S. Army Court of Military Review.

24 Dec. 1984.

Captain Thomas J. Feeney, JAGC, and Captain Barbara M. Lederer, JAGC, were on the pleadings for appellant.

Colonel James Kucera, JAGC, Lieutenant Colonel John T. Edwards, JAGC, Captain Karen A. Charbonneau, JAGC, and Captain Dean C. Berry, JAGC, were on the pleadings for appellee.

Before WOLD, NAUGHTON and CO-HEN, Appellate Military Judges.

OPINION OF THE COURT

WOLD, Senior Judge:

Appellant was charged with forcible sodomy and aggravated assault as follows:

Charge I: Violation of the Uniform Code of Military Justice, Article 125, 10 U.S.C. § 925

Specification: In that Private E–1 Kamyal ... did, at 7 Wing, United States Disciplinary Barracks, Fort Leavenworth, Kansas, on or about 26 September 1982, commit sodomy with Private E–1 [E], by force and without consent of the said Private E–1 [E].

Charge II: Violation of the Uniform Code of Military Justice, Article 128, 10 U.S.C. § 928

Specification: In that Private E–1 Kamyal ... did, at 7 Wing, United States Disciplinary Barracks, Fort Leavenworth, Kansas, on or about 26 September 1982, commit an assault upon Private E–1 [E], by striking him about the head, face, and body with means likely to produce grievous bodily harm, to wit: closed fists.

■ At trial, appellant successfully moved to dismiss the aggravated assault specification on the ground that it was lesser included in the sodomy specification. Following appellant's plea of not guilty and a trial on the merits, the members of the court-martial found appellant guilty of aggravated assault by exceptions and substitutions to the forcible sodomy specification, an option afforded by the trial judge's instructions without objection from appellant. Appellant now contends that his conviction cannot stand, arguing that since the sodomy specification did not allege aggravated force, aggravated assault was not an included offense. We disagree, based on our finding that the net result of appellant's motion to dismiss and the trial judge's ruling on that motion was an implicit amendment of the forcible sodomy specification to include the lesser offense of aggravated assault of which appellant was convicted.

■ Appellant also contends that the convening authority was disqualified to take action on the findings and sentence because he had agreed to grant clemency to a witness against appellant in exchange for the witness's testimony. See United States v. Turcsik, 13 M.J. 442 (CMA 1982). We believe the real issue is whether the circumstances create a substantial risk, or the appearance of a substantial risk, that the convening authority lost the ability to openmindedly and impartially weigh the evidence. United States v. Newman, 14 M.J. 474, 482 (CMA 1983).

■ We have no satisfactory evidence, either circumstantial or direct, of the convening authority's actual state of mind with respect to the witness's testimony.[1] We do have evidence which creates the appearance of a substantial risk of the absence of the requisite openmindedness and impartiality.

First, the staff judge advocate's memorandum to the convening authority concerning the witness's offer to testify repeatedly characterized the prospective testimony as "testimony against [appellant]" rather than in neutral terms. This tends to show partiality toward the Government.

Second, a written statement by the witness, detailing his version of the events in question, was attached to the staff judge advocate's memorandum to the convening

1. The staff judge advocate advised the convening authority that he was not disqualified without addressing the convening authority's actual state of mind concerning the witness's testimony. This was a case of putting the cart before the horse. A statement by the convening authority accompanying his action would have been helpful, particularly since the issue was explicitly raised in the post-trial review and in defense counsel's comment thereon. We suggest that in similar circumstances staff judge advocates inform their convening authorities of the existence of the issue, the applicable legal standards, and whether the facts establish the appearance of partiality or prejudgment, then advise the convening authority to determine his actual state of mind and record it if he decides not to disqualify himself. (The appearance of partiality or prejudgment may be negated, of course, by persuasive evidence of the convening authority's actual state of mind.)

authority. It is likely that the convening authority regarded this as the testimony the witness would give at appellant's trial, even though the agreement required the witness to "testify truthfully" rather than in accord with the statement. As it turned out, the witness did in fact testify in accord with his written statement at appellant's trial. Thus it appears probable that the convening authority decided, prior to trial, that the specific testimony later given by the witness was believable enough to warrant the clemency requested by the witness in exchange for that testimony. This tends to show the absence of openmindedness in the convening authority's post-trial review of the evidence.

Third, the clemency promised and later granted in exchange for the witness's testimony was substantial, including disapproval of one year's confinement out of an adjudged three years' confinement and a recommendation for the witness's transfer from the military to the civilian prison system. This tends to show that the partiality and prejudgment suggested by the above factors was present to a substantial degree.

We regard none of these factors as automatically disqualifying, but find that together, in the circumstances of this case, they would probably cause an informed and reasonable observer to conclude that there was a substantial risk of prejudgment and partiality by the convening authority. Thus the appearance of partiality and prejudgment is established, requiring curative action.

The remaining assignment of error is without merit.

The action of the convening authority, dated 7 May 1983, is set aside. The record of trial is returned to The Judge Advocate General for a new review and action by a different convening authority.

Judge NAUGHTON and Judge COHEN concur.