**UNITED STATES, Appellee,**

v.

**Sergeant Nathaniel KING, 439–90–6596, United States Army, Appellant.**

**SPCM 21384.**

U.S. Army Court of Military Review.

7 June 1985.

Lieutenant Colonel Arthur L. Hunt, JAGC, Captain Thomas J. Feeney, JAGC, and Captain Peter D.P. Vint, JAGC, were on the pleadings for appellant.

Colonel James Kucera, JAGC, Lieutenant Colonel Adrian J. Gravelle, JAGC, Major Larry D. Williams, JAGC, and Captain Kathy J.M. Peluso, JAGC, were on the pleadings for appellee.

Before SUTER, RABY, and NAUGHTON, Appellate Military Judges.

## OPINION OF THE COURT

PER CURIAM.

Contrary to his pleas of not guilty, appellant was convicted of one specification alleging wrongful possession and distribution of the same marijuana on or about 2 July 1984 and of one specification alleging wrongful possession and distribution of the same hashish on or about 17 July 1984, both in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (1982).

Appellant maintains that, because possession is a lesser offense included within each charge of distribution, the allegation of possession should be stricken from both specifications of the Charge. We agree. Possession of a controlled substance is included within the charge alleging distribution of that substance when both offenses are alleged to have occurred at the same time and place.[1] *United States v. Zubko,* 18 M.J. 378, 386 (CMA 1984). Consequently, even if charged only with distribution of a controlled substance, the appellant could have been convicted either of the charged distribution or of the lesser included offense of possession, depending on the evidence adduced at trial. Manual for Courts-Martial, United States, 1984, part IV, para. 2. While the allegation of both offenses in a single specification does not render the specification duplicious, Rule for Courts-Martial [hereinafter cited as RCM]

---

1. We acknowledge that when such offenses are separated in time they may constitute distinct criminal acts and therefore be separately chargeable. *See United States v. Abendschein,* 19 M.J. 619 (ACMR 1984).

307(c)(3), Discussion, we believe that charging both offenses within the same specification is contrary to RCM 307(c)(4), which dictates that "[e]ach specification shall state only one offense." Regardless of our interpretation of RCM 307(c)(4), however, we find that alleging both the primary offense and the lesser offenses included therein within the same specification is redundant and potentially confusing. We will, therefore, delete the redundant language from both specifications of the Charge. As the surplus language within the specifications had no impact on the maximum sentence, the appellant suffered no prejudice as to the sentence.

We have considered the issue personally raised by appellant and find it to be without merit.

The findings of guilty, except for the words "possessed and" contained in Specifications 1 and 2 of the Charge, are affirmed. The sentence is affirmed.