**UNITED STATES, Appellee,**

v.

**Private First Class Norman R. BLAIS, 044–66–0230, United States Army, Appellant.**

**CM 445795.**

U.S. Army Court of Military Review.

28 June 1985.

Lieutenant Colonel Arthur L. Hunt, JAGC, Captain Thomas J. Feeney, JAGC, and Captain Peter D.P. Vint, JAGC, were on the pleadings for appellant.

Colonel James Kucera, JAGC, Lieutenant Colonel Adrian J. Gravelle, JAGC, Major Joseph A. Rehyansky, JAGC, and Captain Dean C. Berry, JAGC, were on the pleadings for appellee.

Before WOLD, FELDER and NAUGHTON, Appellate Military Judges.

## OPINION OF THE COURT

WOLD, Senior Judge:

At a general court-martial composed of a military judge sitting alone, appellant pled guilty to two specifications, each of which alleged both wrongful possession and wrongful distribution of cocaine in violation of Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934 (1982). Appellant was sentenced to a bad-conduct discharge, confinement at hard labor for eighteen months, total forfeitures, and reduction to the lowest enlisted grade. The convening authority approved the sentence as adjudged.

Appellant contends that the military judge erred by accepting his pleas of guilty without inquiring into the objective entrap-

ment defense, *see generally United States v. Garrison*, 18 M.J. 581 (A.C.M.R.1983), after appellant indicated that an agent of the government had provided the drugs involved in the transactions. We do not agree.

During the judge's inquiry into the providence of appellant's pleas, appellant asserted the following. On 19 November 1983, a Sergeant Lewis, acting as a confidential informant, telephoned appellant to come to his quarters to discuss a drug deal. When appellant arrived, Lewis suggested that appellant do him a favor by selling some cocaine to Lewis' friend. Appellant agreed and Lewis notified his supervising agent at the Criminal Investigation Command. When the undercover agent arrived, appellant told the agent that appellant could obtain a quantity of cocaine for the agent for $60.00 down and $70.00 one hour later. The agent agreed and paid appellant $60.00. After the agent left, appellant gave Lewis the $60.00 and returned to his barracks. Lewis then obtained the cocaine and summoned appellant and the undercover agent to his quarters. Lewis gave the cocaine to appellant, who handed it to the agent in exchange for the remaining $70.00, assuring the agent that the cocaine was of good quality. Appellant gave Lewis the $70.00.

Appellant also stated that a similar drug transaction involving appellant, Sergeant Lewis and the undercover agent had occurred on 2 December 1983. According to appellant, Lewis called appellant to arrange another cocaine deal and appellant responded by saying, "Okay, no problem." Lewis informed the undercover agent that appellant was willing to negotiate a second drug transaction. Once again the undercover agent purchased from appellant cocaine which had been provided by Lewis. As appellant took the money, he said to the agent, "It's good doing business with you, man." Appellant again gave the money to Lewis.

During the providence inquiry, the judge explained the subjective defense of entrapment to appellant, who stated that he had discussed entrapment with his trial defense counsel and understood its meaning. Appellant admitted that he was predisposed to sell drugs for Lewis or for anyone else who asked. The judge concluded that appellant had not been entrapped and found the pleas of guilty to be provident.

▮ We hold that the objective entrapment or due process defense is not raised where a confidential informant furnishes drugs which are to be sold to a government agent by an appellant who is predisposed to deal in such drugs. *See Hampton v. United States*, 425 U.S. 484, 96 S.Ct. 1646, 48 L.Ed.2d 113 (1976). Therefore, the military judge was not obliged to discuss the objective entrapment defense with appellant and was correct in accepting his pleas.

▮ We agree with appellant's contention that, because possession is necessarily included within each charge of distribution, the allegation of possession should be stricken from both specifications of the Charge. It is true that under some circumstances, more than one offense may be charged in one specification. *See, e.g., United States v. Means*, 30 C.M.R. 290 (C.M.A.1961); *United States v. Parker*, 13 C.M.R. 97 (C.M.A.1953); Rule for Courts-Martial 307(c)(3), Discussion. Those circumstances are not applicable in the case at bar or others like it. Here we have one offense (possession) which is by its very nature included within the other (distribution). *United States v. Zubko*, 18 M.J. 378 (C.M.A.1984). "The underlying objective which the Court seeks to achieve in [the multiplicity area is] the establishment of principles which may be applied without unreasonable confusion at all stages of the military justice process and which will protect an accused from substantial adverse distortion of the public record of his criminal acts." *United States v. Fair*, 17 M.J. 1036, 1038 (A.C.M.R.1984) (citation omitted) *pet. denied*, 19 M.J. 33 (C.M.A.1985). The simplest solution for all concerned is to erase duplicitous pleadings under the same circumstances in which multiplicious pleadings would be dismissed. This will also remedy the redundancy and confusion

which concerned the Court in *United States v. King,* 20 M.J. 706 (A.C.M.R.1985), and protect appellant from substantial distortion of his record. Under the circumstances of this case, we are satisfied that appellant suffered no prejudice as to his sentence.

The findings of guilty, except for the words, "possessed and" contained in Specifications 1 and 2 of the Charge, are affirmed. The sentence is affirmed.

Judge NAUGHTON concurs.

FELDER, Judge, concurring in part and dissenting in part:

I agree the objective entrapment or due process defense was not available to appellant and his pleas of guilty were properly accepted by the military judge.

Ten years ago in *United States v. Hebert,* 1 M.J. 84 (C.M.A.1975), the United States Court of Military Appeals held that objective entrapment would exist as a matter of law where government agents provide the contraband which ultimately form the basis for a controlled purchase by the government. *Id.* at 85 n. 3. A year later in *Hampton v. United States,* 425 U.S. 484, 96 S.Ct. 1646, 48 L.Ed.2d 113 (1976), the United States Supreme Court rejected the proposition that the government's act of supplying contraband to the defendant constituted a per se denial of due process or entrapment, where predisposition of the defendant to commit the crime was established.

Since the entrapment doctrine in military and federal courts has developed along parallel lines in the past, it is reasonable to conclude it will continue to do so. *See United States v. Vanzandt,* 14 M.J. 332 (C.M.A.1982); *United States v. Simmons,* 14 M.J. 624 (AFCMR 1982), *pet. denied,* 15 M.J. 285 (C.M.A.1983).

The appellant complains that alleging both possession and distribution of cocaine in a single specification violates paragraph 28*b,* Manual for Courts-Martial, United States, 1969 (Revised edition) [hereinafter cited as MCM, 1969 (Rev.)], which states that one specification should not allege more than one offense. The appellant accuses the government of drafting the specifications in that manner to avoid dismissal of the possession of cocaine charges for multiplicity, citing *United States v. Zubko,* 18 M.J. 378 (C.M.A.1984), and the government, he asserts, should not be allowed to do indirectly what it is not allowed to do directly. The appellant requests that we set aside the findings of guilty to that portion of the specifications that avers the wrongful possession of cocaine. I disagree with the majority's decision to do so.

In *United States v. Zubko, supra,* and its progeny, the United States Court of Military Appeals ruled that wrongful possession of a prohibited substance is a lesser included charge of the offenses of wrongful distribution and introduction of the same substance at the same time and place. *United States v. Hill,* 18 M.J. 459 (C.M.A. 1984); *United States v. Zupancic,* 18 M.J. 387 (C.M.A.1984); *see United States v. Brown,* 19 M.J. 63 (C.M.A.1984). That Court has stated emphatically that trial judges and reviewing authorities who conclude under *United States v. Baker,* 14 M.J. 361 (C.M.A.1983), that two offenses are multiplicious for purposes of findings should set aside the findings of guilty as to the lesser offense. *United States v. Zupancic, supra* at 390. The requirement to set aside findings of guilty because of multiplicity applies, in my judgment, when greater and lesser offenses are charged separately. *Contra United States v. King,* 20 M.J. 706 (A.C.M.R.1985). Where a greater charge is alleged, however, there is a statutory basis for conviction of necessarily included offenses supported by the evidence. Article 79, UCMJ, 10 U.S.C. § 879. Thus, when wrongful distribution of a controlled substance is lodged against an accused, he may be found guilty of wrongful possession although possession is not asserted in the specification.

The law that proscribes the unreasonable multiplication of charges is designed in part to prevent certain abuses of prosecutorial power which might embarrass or con-

found the accused in his defense at trial. In particular, it seeks to avoid the situation where a single criminal offense is exaggerated into many seemingly separate crimes so as to create the impression that an accused is a bad character, and therefore, lead the court-martial to resolve against him doubt created by the evidence. *United States v. Baker, supra* at 365; *see* paragraph 26*b*, MCM, 1969 (Rev.). The submission of two charges rather than one gives the prosecution the advantage of offering the triers of fact a choice—a situation which is apt to induce a doubtful court to find the accused guilty of the less serious offense rather than to continue the debate as to innocence. *United States v. Doss*, 15 M.J. 409, 411 (C.M.A.1983) (citing Justice Marshall's dissent in *Missouri v. Hunter*, 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983).

I perceive appellant's prayer for relief as one to remedy duplicitous specifications, which are specifications that allege two or more separate offenses within a single specification. A motion for appropriate relief at the trial level is the proper objection to cure duplicitous specifications. In general, the objection is waived when not asserted. *See* paragraph 69*a* and *b*, MCM, 1969 (Rev.). In this case no such objection was made by the trial defense counsel.

While it is true as a general rule that military practice permits the allegation of only one offense within the terms of a single specification, paragraph 28*b*, MCM, 1969, (Rev.), the proscription against duplicitous pleading does not apply to an offense included in the charged offense. *United States v. Parker*, 13 C.M.R. 97, 103 (C.M.A.1953). Therefore, the rule against duplicitous pleading is not offended where possession and distribution of a prohibited substance are alleged in one specification, if the acts of possessing and distributing the substance were part of a transaction constituting a single offense. *United States v. Means*, 30 C.M.R. 290, 294 (C.M.A.1961). The averment of wrongful possession was not an aggravating factor designed to increase the maximum imposable punishment for wrongful distribution. Instead, it merely described more fully the appellant's conduct. Since the lesser offense of possession is subsumed within the principal offense of distribution, the government is allowed to do explicitly that which is implicit.[1]

I would affirm the findings of guilty, without modification, and the sentence.

---

**1.** I am troubled that the holding of the court might impact substantially on the manner in which other crimes are charged. For example, the ruling today would require dismissal of threatening and disrespectful language that is often alleged in obstruction of justice and violent crimes charges. The problem encountered in *United States v. Kamyal*, 19 M.J. 802 (A.C.M.R.1984), would have been avoided if, instead of the military judge dismissing the assault specification, the assault allegations were included in the sodomy charge to describe the force alleged in the sodomy specification. Another salutary reason for allowing lesser offenses to be alleged in the same specification as principal offenses is that it facilitates court members in making findings by exception and substitution.