UNITED STATES, Appellee,

v.

Rigal T. EASON, Specialist Four, U.S. Army, Appellant.

No. 49,106.

CM 443815.

U.S. Court of Military Appeals.

Dec. 2, 1985.

For Appellant: *Colonel William G. Eckhardt, Lieutenant Colonel William P. Heaston, Captain Harry L. Williams, Jr., Captain Robert S. Johnson, Jr.* (on brief); *Major Eric T. Franzen* and *Captain Craig E. Teller.*

For Appellee: *Colonel James Kucera, Lieutenant Colonel Adrian J. Gravelle, Major Joseph A. Rehyansky, Captain Kurt J. Fischer* (on brief).

*Opinion of the Court*

EVERETT, Chief Judge.

Appellant was tried at Fort Lewis, Washington, before a general court-martial composed of officer members. Contrary to his pleas, they found him guilty of wrongful possession and transfer of marihuana on August 26, 1982; wrongful possession and transfer of cocaine on August 28, 1982; and wrongful possession and transfer of marihuana on September 1, 1982, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934.* He was sentenced to a bad-conduct discharge, confinement at hard labor for 2 years, forfeiture of all pay and allowances, and reduction to the grade of E-1. The convening authority approved the sentence, and the Court of Military Review affirmed in a short-form opinion. We granted review of this issue:

WHETHER THE MILITARY JUDGE ERRED BY INSTRUCTING THE MEM-

---

* Appellant was acquitted on two specifications alleging wrongful sale. Apparently, the court members accepted his agency defense.

BERS THAT THE APPELLANT WAS NOT ENTRAPPED IF GOVERNMENT AGENTS HAD REASON TO BELIEVE THAT HE WAS INVOLVED OR WAS ABOUT TO BE INVOLVED, IN SIMILAR CRIMINAL CONDUCT.

■ As the granted issue indicates, during his instructions on findings, the military judge advised the members, among other things, that, "even if the accused did not suggest or initiate the unlawful activity, you may still find that there was no entrapment if the government agents had reasonable grounds to believe or suspect that the accused was involved or was about to be involved in similar criminal conduct." Of course, this part of his instructions on the defense of entrapment was clearly erroneous. As we observed in *United States v. Johnson*, 18 M.J. 76, 78 (C.M.A.1984):

> Recently, we stated in *United States v. Vanzandt*, 14 M.J. 332, 344 (C.M.A.1982), that
>
>> the subjective test of entrapment involves balancing the accused's resistance to temptation against the amount of government inducement. The focus is on the accused's latent predisposition to commit the crime, which is triggered by the government inducement. The existence of reasonable suspicion by the police is immaterial, so there is no occasion to offer or receive evidence establishing whether or why any reasonable suspicion existed. Indeed, frequently the information which establishes reasonable suspicion is hearsay in nature and its consideration by court members, even under limiting instructions, may be prejudicial to the accused.
>
> (Footnote omitted.) *Accord United States v. Gonzalez-Dominicci*, 14 M.J. 426 (C.M.A.1983). Therefore, court members should not be advised that entrapment may be negated if government agents reasonably believed that the accused was involved in criminal activity. *United States v. Zickefoose*, 17 M.J. 449 (C.M.A.1984). "Reasonable suspicion" on the part of the Government has no

part to play in determining whether entrapment exists.

■ However, the erroneous instruction does not appear to have been prejudicial to appellant. For one thing, the law-enforcement agents had testified that—although they were concerned with illegal drug distribution at the Medical Center to which Eason was assigned—they did not suspect him of any unlawful drug activities prior to the first transfer negotiated with him. Thus, there was no occasion for the Government to argue at trial—or the court members to find—that Eason had not been entrapped because law-enforcement agents already had a reasonable belief that he was involved in illegal drug activities. Instead, the prosecution argued that appellant was not entrapped because he was very familiar with the illegal drug business, had participated eagerly in the drug transactions with undercover agents, and had only been provided with an opportunity to commit crimes to which he was already predisposed.

The defense contended at trial that Eason had been entrapped by a government informant who badgered him into drug activity at a time when he was emotionally vulnerable because of his service in the cancer ward and because his unit commander had pressured him into performing homosexual acts. Thus, during Eason's trial the entrapment defense focused solely on whether he was induced by the Government to commit crimes to which he otherwise was not predisposed. Under these circumstances, the erroneous instruction given by the military judge about the import of any prior reasonable suspicion by government agents could not have affected the court-martial's findings.

Furthermore, the evidence was overwhelming that appellant was predisposed to traffic in drugs. Indeed, there is little evidence beyond appellant's testimony that he lacked this propensity. In light of the variety of drugs that Eason distributed and the frequency of distribution, any claim that he was entrapped seems implausible on its face.

We perceive no harm that appellant could have suffered from the erroneous instruction on entrapment, so he is not entitled to relief.

The decision of the United States Army Court of Military Review is affirmed.

Judge COX concurs.