**UNITED STATES, Appellee,**

v.

**Private E1 Gary A. BLUCKER, 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, United States Army, Appellant.**

**ACMR 8802185.**

U.S. Army Court of Military Review.

22 March 1990.

For Appellant: Colonel John T. Edwards, JAGC, Captain Jon W. Stentz, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Major Gary L. Hausken, JAGC, Captain Jonathan F. Potter, JAGC (on brief).

Before KANE, GILLEY and GIUNTINI, Appellate Military Judges.

## OPINION OF THE COURT ON RECONSIDERATION

GILLEY, Judge:

Following our decision of 17 November 1989 in this case, in which we set aside portions of the findings of guilty due to duplicity, the government petitioned for reconsideration by the court sitting as a whole. However, we have vacated our previous decision and, upon reconsideration, issue this decision.[1]

Pursuant to his pleas, a military judge found that the appellant did "wrongfully possess and distribute" 4.4 grams of marijuana in the hashish form on 21 April 1988 and 12.7 such grams on 22 April 1988, in violation of Article 112a, Uniform Code of Military Justice, 10 U.S.C. § 912a (Supp I 1983) [hereinafter UCMJ]. The military judge, sitting as a general court-martial, sentenced the appellant to a bad-conduct discharge, confinement for twenty-seven months, and forfeiture of all pay and allowances. The convening authority approved the sentence.

The appellant contends that the allegations in the two specifications that the appellant did wrongfully "possess and distribute" marijuana are both duplicitous, that is, alleging two offenses in one specification and multiplicious, that is, alleging the same or a lesser included offense in the same specification. See Manual for Courts–Martial, United States, 1984, Rules for Courts–Martial 906(b)(5), regarding duplicity and R.C.M. 905(b)(2) and 307(c)(4) regarding multiplicity [hereinafter M.C.M., 1984 and R.C.M.]. The government argues that waiver should be applied to preclude the necessity of our reaching the issues. The government cites United States v. Jones, 23 M.J. 301, 303 (C.M.A.1987), and United States v. Holt, 16 M.J. 393, 394 (C.M.A. 1983), for that proposition.

The Court of Military Appeals has addressed the impact of our statutory charter under Article 66(c),[2] Uniform Code of Military Justice, 10 U.S.C. § 866(c) (1982) on our application of the doctrine of waiver: "[T]he Court of Military Review may properly refuse to apply the doctrine of waiver in the exercise of this statutory authority." United States v. Evans, 28 M.J. 74, 76 (C.M.A.1989). In gauging what findings should be approved, we observe that the Manual for Courts–Martial provides for waiver of issues of multiplicity and duplicity if not raised at trial in a timely fashion. R.C.M. 905(e) and 907(b)(3)(B). Of course, we will not apply waiver if a competent trial defense counsel plainly, as opposed to reasonably, should have known of a defect in the charges and yet counsel failed to object for no apparent reason, to the detriment of the accused. We presume that counsel are competent, but that presumption would be overcome in the situation described. See United States v. Scott, 24 M.J. 186, 188 (C.M.A.1987).

The form of pleading used here has led this court before to strike as multiplicious the words, "possession and" from specifications also alleging wrongful distribution of drugs. United States v. Blais, 20 M.J. 781, 782 (A.C.M.R.), petition denied, 21 M.J. 380 (C.M.A.1985). The rationale was set forth as follows: "[W]e have one offense (possession) which is by its very nature included within the other (distribution)." Id. at 782. Further, this court found that such pruning removes redundancy and confusion and "protect[s] appellant from substantial distortion of his record." Id. at 783. The court relied upon United States v. Fair, 17 M.J. 1036, 1038 (A.C.M.R.), petition denied, 19 M.J. 121 (C.M.A.1984), regarding multiplicity.

---

1. Without prejudice to the Government's right to again petition for reconsideration *en banc*.

2. UCMJ, Article 66(c) provides:
   In a case referred to it, the Court of Military Review may act only with respect to the findings and sentence as approved by the convening authority. It may affirm only such findings of guilty and the sentence or such part or amount of the sentence, as it finds correct in law and fact and determines, on the basis of the entire record, should be approved. In considering the record, it may weigh the evidence, judge the credibility of witnesses, and determine controverted questions of fact, recognizing that the trial court saw and heard the witnesses.

■ In *Fair,* this court emphasized that rules prohibiting an unreasonable multiplication of charges are necessary to "protect an accused from substantial adverse distortion of the public record of his criminal acts." *United States v. Fair,* 17 M.J. at 1038. Additionally, in *Fair* this court recognized its responsibility to look beyond the language of the specifications when multiplicity is not "completely negated" by comparison of the allegations in the specifications. *Id.* We agree. Obviously, no undue administrative burden is placed on a court of military review in assessing multiplicity based on the record it must review in the normal course of the appellate process.

*Fair* was a contested case, but we see no distinction in application of these principles in a guilty plea; a military judge must find a plea of guilty provident before accepting findings based upon such a plea. Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 910(e) provides:

> The military judge shall not accept a plea of guilty without making such inquiry of the accused as shall satisfy the military judge that there is a factual basis for the plea. The accused shall be questioned under oath about the offenses.

Accordingly, a finding of guilt based on a guilty plea must rest on an accused's presentation of the facts during the providence inquiry. R.C.M. 910(e) discussion (accused must be able to describe all facts necessary to establish guilt).[3] *See United States v. Jemmings,* 1 M.J. 414, 418 (C.M.A.1976). The detail of that inquiry and our required review of it provide ample opportunity for us to ascertain whether or not specifications are multiplicious for findings or whether they are duplicitous.

The providence inquiry here shows that the drug distributions occurred at a restaurant and that the transactions had been arranged before the appellant went to the restaurant. *Blais* treated the issue as one of multiplicity, concluding that the possession of drugs on the way to a prearranged

distribution was an included offense in the distribution. The definition of duplicity excludes lesser included offenses. R.C.M. 906(b)(5) discussion. "Lesser included offenses" are those "necessarily included in the offense charged or of an attempt to commit either the offense charged or an offense necessarily included therein." UCMJ, Article 79, 10 U.S.C. § 879 (1982); M.C.M., 1984, Part IV, para. 2. The government contends that the remedy is severance of the specification. But, if we treat the matter as a multiplicious pleading of a lesser included offense within the same specification, we are not compelled to sever the allegations. Rule for Courts–Martial 906(b)(5) provides that severance is the remedy for a duplicitous specification.

The government cites *United States v. Parker,* 13 C.M.R. 97 (C.M.A.1953), for the proposition that waiver applies when an accused does not object at trial to a duplicitous specification. We have no doubt that *Parker* is valid precedent, but first we have to decide whether appellant's case presents an issue of multiplicity or duplicity. It cannot be both; the possession is either lesser included to the distribution (multiplicious) or it is independent (duplicitous). Logically, the reason waiver should apply to duplicity and not necessarily to multiplicity, including the pleading of lesser included offenses, is that a duplicitous pleading is to the advantage of the accused. *See United States v. Poole,* 24 M.J. 539 (A.C.M.R.1987) (where a specification contains more than one offense, aggregating of value of property not permissible for determining maximum confinement), *affirmed,* 26 M.J. 272 (C.M.A.1988). Duplicity reduces the maximum possible sentence and decreases the number of specifications, while multiplicity increases extraneous allegations of criminal conduct in a specification or increases the number of specifications. In other words, competent counsel normally would object to multiplicity in the pleadings but not necessarily to a duplicitous pleading. Regularly, in fact, trial defense counsel do not object to duplicitous

---

**3.** The accused should describe the facts he accepts as true even if he must proceed without memory of them due, for example, to intoxi-

cation. A stipulation of fact frequently complements the providence inquiry.

specifications. *See, e.g., United States v. Poole,* 26 M.J. 272, 274 (C.M.A.1988) (court affirmed six specifications consolidating a much larger number of bad check offenses, and observed that such pleading was beneficial to the accused, who did not object).

 Here, the defense could have had a plausible reason to consider the specification as a duplicitous pleading and elected to waive severance of the specifications. Two propositions argue strongly for preferring duplicity over multiplicity when the specification could be read either way. As we stated earlier, we presume counsel was competent and had a good reason for not objecting to the allegation of two offenses in one specification. In addition, counsel also know that the Manual for Courts-Martial specifies waiver for these issues. Moreover, realistically a drug distributor normally would possess drugs in an amount separately chargeable from the distribution. *See United States v. Worden,* 17 M.J. 887, 889 (A.F.C.M.R.), *petition denied,* 19 M.J. 40 (C.M.A.1984). For these reasons, where an appellant plausibly had a good reason not to object to the form of the specification, in that it would work to his advantage, we will apply the waiver doctrine announced by *Parker. See* R.C.M. 905(e). Where the providence inquiry, or remainder of the evidence in a contested case clearly shows possession was merely incidental to the distribution, we will apply *Blais,* and not *Parker.* Since this record does not preclude a duplicitous pleading, we find that the appellant waived any objection to the language of the specification.

We have considered the issues raised personally by the appellant and they are without merit.

The findings of guilty and the sentence are affirmed.

Senior Judge KANE and Judge GIUNTINI concur.